City National Bank & Trust Co. of Rockford, etc., Plaintiff-Appellee, v. Joe Almond, Defendant-Appellant.

### Gen. No. 11,716.

Second District, First Division.

August 29, 1963.

Robert E. Leake, of Rockford, for appellant.

Miller, Thomas, Hickey & Collins, of Rockford (Edwin T. Powers, Jr., of counsel), for appellee.

SMITH, J:

The plaintiff bank confessed judgment against the defendant, Joe Almond, for $6595.67 on an unconditional guarantee in writing on the back of a note. The note was executed by one Patrick A. Kearney and his wife, Rose, and was secured by a chattel mortgage on a Diamond T truck. The guarantee contined a warranty of attorney in the usual form authorizing any attorney to appear for the defendant and confess judgment in favor of the legal holder for such sum as appeared to be unpaid thereon together with interest, costs and 20% attorney fees. The defendant moved to open up the judgment and for leave to plead and supported the motion with an affidavit charging fraud and misrepresentation on the part of the plaintiff. The motion was allowed, answer was filed and a jury demanded. At the close of plaintiff's evidence before the jury the court directed a verdict in favor of the plaintiff and entered an appropriate judgment order. From this judgment the defendant appeals.

At the very threshold of this case we are confronted with the question as to whether there is anything properly before us for review. The abstract of the record is the pleading of the appealing party in a court of review and whatever is sought to be reviewed must be contained therein. McCormack v. Haan, 23 Ill App2d 87, 161 NE2d 599; Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351. The court's judgment on the jury's verdict, the points raised in the post-trial motion and the court's ruling thereon are wholly absent from the abstract. The notice of appeal fails to give the date of the judgment

315

appealed from and whether or not it is from the original judgment or the judgment entered on the verdict of the jury. Errors in the admission and rejection of evidence are urged but none of the court's rulings on evidentiary questions are abstracted. The court is charged with error in excluding proper, competent evidence during the course of the trial. Neither the abstract nor the record discloses what that evidence might be, no offer of proof was made and we are left wholly in the dark as to its content, materiality or nature. This abstract falls far short of compliance with our Rule 6 that the abstract should be "sufficient to present fully every error relied on." In Rubinstein v. Fred A. Coleman Co., 22 Ill App2d 116, 121, 159 NE2d 379, 381 we said:

> "The abstract should present every error relied on for reversal, and everything necessary to decide the questions raised, in such manner that it will not be necessary for the court to resort to the record. Alleged errors not shown by the abstract of the record, or based on facts or matters not appearing therein, will not be considered on review."

We would, therefore, be justified in terminating our inquiry at this point.

We have, however, gone to the record and find an appropriate judgment order recited therein. We have examined the post-trial motion as it appears in the record and feel compelled to comment on it. Its three points read as follows:

(a) The court erred in directing a verdict in favor of the plaintiff at the conclusion of the evidence.

(b) There was ample, competent and material evidence on the issues to present the case to the jury.

316

(c) The court excluded competent, material evidence on the issues involved during the course of the trial.

The post-trial motion is the birthplace of the errors we may appropriately consider. "A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not *particularly* specified in the motion." CPA 68.1(2), Ill Rev Stats (1961), c 110, § 68.1(2). This same paragraph states that "The post-trial motion must contain the points relied upon, *particularly specifying* the grounds in support thereof." In considering a motion similar to the one before us in Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 210, 164 NE2d 209 the court said:

"The word 'particularly' is opposed to generality. The word 'specifying' means to define in detail. Either of these words would suffice to show what is needed. The combination of both of them emphasizes the necessity of itemizing the grounds supporting the points advanced in a post-trial motion."

The court refused to consider the points on review and this holding has been followed more recently in Lawler v. Pepper Const. Co., 33 Ill App2d 188, 178 NE2d 687 and Denz v. Gavora, 33 Ill App2d 90, 178 NE2d 669. The instant motion is far too general to advise either this court or the trial court with any degree of precision as to just what was wrong on the trial of the case. Even if abstracted it would have furnished us with no precise points for consideration.

Procedural rules promulgated by the legislature and rules of practice enunciated by the courts are designed for the ready, efficient and prompt dispatch of litigation. It is believed that this salutary goal may more readily be achieved if there was a greater adherence by the bar to a reasonable adherence to the

principles governing proper pleading. In the case at bar we stand at the threshold with the way barred by well accepted rules which preclude our consideration of this case on the merits. Accordingly, the judgment of the trial court must be, and it is, hereby affirmed.

Affirmed.

McNEAL, PJ and DOVE, J, concur.