**William Elden, Plaintiff-Appellant, v. Addison Farmers Mutual Insurance Company, Defendant-Appellee.**

**Gen. No. 67–49.**

Second District.

December 27, 1967.

Rehearing denied February 1, 1968.

William Elden, pro se, of Chicago, appellant.

No appearance filed by appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of the Sixteenth Judicial Circuit, entered on December 6, 1966, dismissing the amended complaint of the plaintiff —a lawyer—, from which he appealed, pro se.

The plaintiff filed notice of appeal on February 1, 1967, and under the Rules of Court effective when said order

was entered, he had 50 days after the filing of notice of appeal within which to cause a report of trial proceedings to be made up, presented, certified and filed in the trial court. Extensions of time for the filing of such report could be granted by the trial court for a period of not to exceed an aggregate of 45 days, and extensions beyond such 45-day period could be granted only by the reviewing court based on a short record as provided in Rule 36(2) (b). (Ill Rev Stats 1965, c 110, pars 101.36(1) (c), 101.36 (2) (b) and 201.1(1) (c). The plaintiff sought no extension of time in any court within this 50-day period.

On April 13, 1967, the plaintiff filed a short record in this court, which consisted of the old common-law record as certified to by the Circuit Clerk of DeKalb County. And, on April 24, 1967, he filed a motion in this court for an extension of 60 days' time within which to file the report of the trial proceedings and for the filing of brief and abstract. Under Court Rules, any application for extension of time for filing the report of trial proceedings must be made before the expiration of the original or extended time for the filing of such report. Consequently, the plaintiff's application for such extension was not filed in compliance with the Court Rules and could have properly been denied. However, we allowed plaintiff's motion in part, and granted him an additional 35 days within which to file such report and an additional 35 days within which to file abstract and brief.

On June 8, 1967, the plaintiff requested leave to withdraw the short record and such leave was granted. And, on July 18, 1967, after the expiration of the extended time for the filing of brief and abstract, the plaintiff filed a motion for an additional 30 days within which to file "brief, abstract and excerpts from the record in this cause." On July 26, 1967, the plaintiff returned the short record to this court and had added thereto, the report of trial proceedings which had been certified on May 26,

1967—a date in excess of 50 days after the filing of notice of appeal.

After considering the plaintiff's motion of July 18, and his dilatory, unorthodox and unauthorized procedures with reference to this appeal, the court, on its own motion, dismissed the appeal on July 31, 1967, because of his failure to comply with court rules.

Thereafter, on August 14, 1967, he filed a motion to vacate the order dismissing the appeal and for its reinstatement, or in the alternative, for permission for the present appeal to stand as an appeal which was perfected within "one year of judgment within the Rules prevailing prior to December 31, 1966"; and the plaintiff also filed a motion asking that this court waive the filing of an abstract or excerpts from the record. In charity, we vacated the order dismissing the appeal and reinstated it, but denied his motion for the waiver of abstract or excerpts.

During this deluge of motions, the defendant-appellee filed no objections to the plaintiff's many requests. On August 16, 1967, the plaintiff filed a brief herein but failed to file an abstract or excerpts from the record, and again, the defendant took no action in this respect and failed to file any brief herein.

When the cause was called for oral argument, pursuant to notice, the defendant's counsel answered present, but stated that he came to court only for the purpose of hearing what the plaintiff might have to say. The plaintiff was not then present in court.

After the argument of the following case had been concluded, the plaintiff announced his presence, asked leave to argue his case and was permitted to do so. The nonchalance of the plaintiff with reference to this appeal is exceeded only by his lack of respect for the rules governing appellate procedure.

██ An abstract of record is the appellant's pleading and must contain the matters sought to be reviewed.

419

Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 294, 295, 210 NE2d 614 (1965) ; City Nat. Bank & Trust Co. of Rockford v. Almond, 42 Ill App2d 314, 315, 192 NE2d 297 (1963) ; Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 125, 186 NE2d 100 (1962). It is the duty of the party prosecuting an appeal to present an abstract sufficient to set forth fully every error relied upon for reversal. Dempski v. Dempski, 27 Ill2d 69, 72, 187 NE2d 734 (1963) ; Supreme Court Rule 38 and Appellate Court Rule 6 (Ill Rev Stats 1965, c 110, pars 101.38 and 201.6).

In the case at bar we were lenient with the plaintiff and reinstated his appeal after its dismissal for violating Rules of the Court. However, we refused to waive the filing of abstract or excerpts from the record. Nevertheless, the plaintiff cavalierly proceeded to file his brief, without either abstract or excerpts.

■■ Where an appellant fails to submit an abstract or excerpts from the record, a reviewing court is warranted in refusing to consider the case on its merits. Such court is not required to search the record to find a reason for the reversal of the trial court. In re Petition to Annex Certain Territory to Village of Willowbrook, 42 Ill App2d 432, 434, 192 NE2d 553 (1963) ; City Nat. Bank & Trust Co. v. Almond, supra, 316.

Accordingly, this appeal is dismissed because of the plaintiff's contumacious disregard for the pertinent Court Rules and the orders of this Court.

Appeal dismissed.

ABRAHAMSON, P. J. and MORAN, J., concur.