HERMAN CRADER, Plaintiff-Appellee, *v.* ILLINOIS POWER COMPANY, Defendant-Appellant.

(No. 69-97; ▮▮▮▮▮▮

Fifth District—July 27, 1971.

Burroughs, Simpson & King, of Edwardsville, (Robert W. Wilson, of counsel,) for appellant.

Pratt, Williamson, Mosele & Day of East Alton, (Paul L. Pratt, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This action is a two-count personal injury suit wherein claims for damages against the defendant, Illinois Power Company, were alleged in general negligence and also under the Structural Work Act of Illinois. At the trial court the plaintiff obtained an $18,000.00 verdict from the jury. The defendant appeals from the verdict and the judgment entered thereon.

Defendant Illinois Power Co. had contracted with Power System, Inc. for certain maintenance and construction work, which on this occasion involved removing grinders from a mill in which coal was ground into a powdered form for injection as fuel into the combustion systems of the electricity generating plant. Power Systems was to use defendant's hoist which ran on an overhead tramway permanently located in the mill, and defendant furnished the hoist operator. The mill was a round structure which contained three grinders, two of which had been successfully removed by a crew of three iron workers who were employees of Power Systems, Inc. The hoist which ran on the overhead tramway or monorail was not centered over the remaining mill.

Plaintiff was one of the three ironworkers engaged in removing the grinder. In the process of removing it, it was necessary for the grinder to be raised some 18 inches to two feet before it was free. Since the hoist was not directly in line with the grinder, a "bind" was caused so that it was necessary for plaintiff and one of the crew to assist in the removal by exerting lateral pressure on the grinder so that it would not bind while being lifted at an angle. Evidence was offered that plaintiff was working in close quarters, the grinder being in the proximity of numerous permanently affixed pipes and beams and in an area in which the lighting was insufficient. The third ironworker was giving signals to the hoist operator who rather than watching the work was only watching the

signaling ironworker and causing the hoist to respond to the signals, as was the arrangement with the signalman.

Plaintiff's injury was sustained when the grinder cleared; due to the hoist being off center as the grinder was lifted it kicked out when it cleared, catching plaintiff's left hand between the grinder and one of the metal objects, fracturing the hand.

There was evidence that by use of a chain fall with the hoist or coffing hoist, placed directly overhead, the "kick out" would not have been as great.

Plaintiff's dual theory of liability was first based on general negligence with the specific allegations that defendant failed to furnish the plaintiff with a reasonably safe place to work, that the defendant failed to furnish sufficient lighting in which to work, that the defendant failed to remove certain pipes adjacent to machinery being removed to provide sufficient room for plaintiff to safely work, and that defendant negligently operated its hoist.

The second theory of liability was generally alleged as a violation of the Structural Work Act. Ch. 48, sec. 60 *et seq.*, Ill. Rev. Stat.

The defendant answered the plaintiff's complaint by way of denial and affirmative defenses. The affirmative defenses pled are the doctrines of sole cause and loaned or borrowed servant. In bringing this appeal the defendant has asserted that the trial court erred in several particulars. We shall consider these assertions in the order presented by the defendant.

First, that the trial court erred in failing to direct a verdict for defendant at the close of the evidence or to enter a Judgment *n.o.v.* for defendant in accord with defendant's post-trial motion. Appellant contends that the evidence and pleadings under count I failed to state a valid claim for negligence upon which relief could be granted against the defendant and the evidence failed to establish a submissible case; and also, because there was insufficient evidence to make a submissible case on the basis of a Structural Work Act violation as alleged under count II against the defendant.

■■ The rule of law related to directing verdicts and granting Judgments *n.o.v.* has been clearly set forth in *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504; *Keen v. Davis*, 38 Ill.2d 200, 230 N.E.2d 859. The rule adopted by the *Pedrick* case states, "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases, in which all the evidence, when viewed in its aspects most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand". The evidence so viewed in the light most favorable to the plaintiff giving every reason-

able presumption and benefit thereof does not lend itself to a directed verdict or a Judgment *n.o.v.* The cause was tried upon two possible theories of recovery and the general verdict did not specify upon which theory the jury found for the plaintiff. There was evidence to support both theories of liability. In the second count under the Structural Work Act there was evidence that the hoist was incorrectly placed, thereby causing the injury. Under the first count of the complaint based upon negligence, there was evidence that the plaintiff had to work in an area that was poorly lighted, that the area was cramped and that there were some metal objects or beams protruding in the area where the plaintiff had to work, and that defendant negligently operated the hoist, as well as evidence that the hoist operator, whom defendant contends was a loaned servant, was following the signals. The maintenance supervisor of defendant's plant testified that he had the power to tell the men loaned to Power Systems how to do the work, down to the minute detail, and inspected the work daily. There was evidence from which it could be reasonably inferred that the inadequate positioning of the hoist was the proximate cause and there was evidence that equipment furnished by defendant for lifting the grinder created the unsafe condition. It is not for us to say under which theory the plaintiff obtained recovery. A review of the record indicated sufficient evidence, viewed in the light most favorable to the plaintiff, for the jury to return a verdict in favor of the plaintiff.

The appellant next asserts that the verdict cannot stand because there was not sufficient evidence to establish a submission of due care by the plaintiff. With this assertion we cannot agree. This was a question of fact for the jury to decide and there is sufficient evidence of the plaintiff's actions and conduct at the time of the injury for the jury to resolve the issue in the plaintiff's favor. *McIntyre v. Belt Ry. Co. of Chicago*, 105 Ill.2d 45, 245 N.E.2d 94.

As the third assertion of error, the appellant contends that the trial court erred in failing to grant judgment *n.o.v.* in favor of defendant because of the finding of the special interrogatory in favor of the defendant. The defendant maintains that the special findings of fact are inconsistent with the general verdict returned by the jury controls the general verdict.

■■ The special interrogatory found that the hoist operator was wholly subject to the control of Power Systems and free during such time from the direction and control of the defendant. The special interrogatory should not have been submitted as it was not determinative of the issues of this lawsuit. The special interrogatory as submitted applied only to an evidentiary fact and not to the ultimate issue of defendant's liability under either count of plaintiff's complaint. Under the negligence action

the control of the hoist operator did not determine whether the defendant failed to furnish a reasonably safe place to work, failed to provide sufficient lighting, or failed to remove certain material from adjacent areas thereby providing insufficient space for the plaintiff to safely perform his work; these allegations of negligence are not directed toward the hoist operator. In the second count under the Structural Work Act the evidence concerned the placement of the hoist and not the operation of the hoist itself except as to how the placement affected the operation. In *Louis v. Barenfanger*, 81 Ill.App.2d 104, 226 N.E.2d 85, affirmed in 39 Ill.2d 445, 236 N.E.2d 724, we held that the failure to properly place a scaffold or support was as much an actionable violation of the Act, as was the failure to properly construct or operate a scaffold or mechanical contrivance. The interrogatory had nothing to do with the off-center positioning of the hoist. As stated in *Hulke v. International Manufacturing Co.*, 14 Ill.App.2d 5, 142 N.E.2d 717, "A special interrogatory is not proper unless it relates to one of the ultimate facts upon which the rights of the parties directly depend and unless the answer responsible thereto would be inconsistent with some general verdict which might be returned upon the issues in the case. Interrogatories which ask for a special finding as to evidentiary facts are never proper, even though ultimate facts may be deduced therefrom by reason or argument".

■ ■ The final error urged by the appellant concerns itself with the impropriety of seven separate instructions given by the court to the jury. However, the appellant has failed to abstract all of the instructions given by the court having included in the abstract only those instructions about which there is complaint. The instructions must be considered as a series because a correct instruction may cure the error of a defective instruction. (*Parrucci v. Kruse*, 12 Ill.App.2d 30, 138 N.E.2d 91.) We shall consider the assertions of error with regard to the instructions, waived by the appellant, for failure to fully set forth all instructions. *People v. Bybee*, 9 Ill.2d 214, 137 N.E.2d 251; *Hoggart v. Melin*, 29 Ill. App.2d 23, 172 N.E.2d 389; *Golden v. Joseph*, 96 Ill.2d 363, 239 N.E.2d 284 (abst.); *McKay v. Prindle*, 131 Ill.App. 266 states "* * * the abstract must set out all the instruction-requirements which have all been ignored in this appeal. Of a great number of cases which might be cited to these statements, we mention a very few."

We need not and will not search the record to reverse the judgment. *Devenberg v. Prudence Mutual Casualty Co.*, 120 Ill.App.2d 68, 256 N.E.2d 71; *Elven v. Addison Farmers Mutual Insurance Co.*, 90 Ill.App. 2d 417, 233 N.E.2d 42.

Judgment affirmed.

G. MORAN and VERTICCHIO, JJ., concur.