NATIONAL UNDERGROUND CONSTRUCTION COMPANY, Plaintiff-Appellant, v. E.A. COX COMPANY, Defendant-Appellee.

First District (2nd Division)    No. 1—93—3890

Opinion filed June 20, 1995.—Rehearing denied July 20, 1995.

R.S. Maione, of Chicago, for appellant.

McCracken, Walsh, DeLavan & Hetler, of Chicago (Thomas G. Moffitt and Andrew J. Anderson, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff National Underground Construction Co. (National) appeals from the trial court's order denying its motion to reinstate this cause pursuant to Supreme Court Rule 369(c). (134 Ill. 2d R. 369(c).) The motion was filed 23 months after our mandate issued reversing summary judgment in favor of defendant E.A. Cox Company (E.A. Cox) and remanding the cause. (See *National Underground Construction Co. v. E.A. Cox Co.* (1991), 216 Ill. App. 3d 130, 576 N.E.2d 283 (*National I*).) We affirm.

On November 21, 1986, National sought a declaratory judgment against E.A. Cox, alleging unpaid extra work under a subcontract entered into on February 23, 1984. (*National*, 216 Ill. App. 3d at 131.) The trial court granted summary judgment in favor of E.A. Cox. On appeal, we reversed the judgment and remanded the cause "for further proceedings consistent with" the opinion. (*National*, 216 Ill. App. 3d at 137.) Our mandate issued on October 2, 1991. On September 17, 1993, National filed a motion in the trial court to reinstate the case pursuant to Supreme Court Rule 369(c). (134 Ill. 2d R. 369(c).) E.A. Cox objected to reinstatement, arguing that (1) under section 13—217 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—217), National was required to refile the action within one year of this court's reversal of the trial court's judgment; and (2) under section 13—205 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 13—205), the five-year statute of limitations on an action for declaratory judgment had run. During argument on the motion, E.A. Cox also asserted that a party should be held to a standard of due diligence in reinstating a cause after issuance of the mandate. National responded that section 13—217 only applied to reversals of judgments in favor of a plaintiff and that, under Supreme Court Rule 369(c) (134 Ill. 2d R. 369(c)), reinstatement in this case could be had at any time on 10 days' notice to E.A. Cox.

On October 6, 1993, the trial court denied National's motion to reinstate. In so ruling, the trial court stated as follows:

"This is a 1986 chancery case which plaintiff seeks to have reinstated and set for trial. Counsel's papers today or the moving

papers today proffer or provide no explanation whatsoever as to why there has been such a delay.

To my knowledge there is no case which says that the mandate maintains its viability and permits redocumenting [*sic*] of a case in the trial court at any time at the whim of the prevailing party on appeal. ***.

If two years isn't a bar to redocketing would five years be a bar, would ten years be a bar? The argument here being made by National Underground, they have an absolute right to reinstate the case and that simply can't be the law.

\* \* \*

I'm not confining my comments to [section] 13—217. I am just talking about what a mandate is and what it requires.

*** [T]he case in Chancery with no action for two years would be routinely dismissed ***.

There is no justification why a matter pending on mandate should be treated differently just because it hasn't been redocketed.

Additionally, reinstatement of the case, it's more than thirty days after dismissal requires a showing of due diligence. There is no such showing there. Without a showing of due diligence with some explanation or reason to make apparent the reason for the delay, *** delay of this kind simply can't be permitted."

The order denying National's motion does not state that the case was dismissed for want of prosecution.

National argues that the trial court was required to reinstate this cause pursuant to Supreme Court Rule 369(c), which provides, in pertinent part: "When the reviewing court remands the case for a new trial or hearing ***, the case shall be reinstated therein upon 10 days' notice to the adverse party." (134 Ill. 2d R. 369(c).) Although National correctly notes that Rule 369(c) contains no time limitation on the right to reinstate, nonetheless, E.A. Cox advances numerous bases for upholding the trial court's refusal to reinstate.

■ E.A. Cox first argues that the trial court's actions were justified under section 13—217 of the Code, which provides:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of

limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***." (735 ILCS 5/13—217 (West 1992).)[1]

Section 13—217 does not address the situation where summary judgment is entered for the defendant and later reversed on appeal in favor of the plaintiff.

The purpose of section 13—217 is to extend the limitations period to enable plaintiffs to refile a case when their complaints suffer defects, primarily procedural in nature, which have resulted in dismissal without resolution on the merits. (*Koffski v. Village of North Barrington* (1993), 241 Ill. App. 3d 479, 609 N.E.2d 364.) Section 13—217 does not pertain to the effect of a mandate remanding a case. Indeed, reinstatement after remand does not constitute the filing of a new action. (*People ex rel. Hartigan v. Illinois Commerce Comm'n* (1992), 148 Ill. 2d 348, 404, 592 N.E.2d 1066.) Thus, by its terms, section 13—217 does not apply to this case.

■ E.A. Cox also asserts that the doctrine of *laches* bars reinstatement. Certainly, *laches* is an available defense in an objection to reinstatement. In *Miller v. Bloomberg* (1984), 126 Ill. App. 3d 332, 466 N.E.2d 1342, the trial court dismissed the cause, after remand, on the ground of *laches* because the party prevailing on appeal failed to act for almost three years on the mandate in his favor. Here, however, E.A. Cox did not argue *laches* in its objection to reinstatement. Although E.A. Cox urges this court to find *laches,* that defense must be pleaded and proved and cannot be raised in the first instance on appeal. *Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione* (1986), 144 Ill. App. 3d 934, 941, 494 N.E.2d 795; *People ex rel. Klingelmueller v. Haas* (1982), 111 Ill. App. 3d 88, 443 N.E.2d 782.

In any event, the mere passage of time does not establish *laches.* (*Patrick Media Group, Inc. v. City of Chicago* (1993), 255 Ill. App. 3d 1, 7, 626 N.E.2d 1066; *Renth v. Krausz* (1991), 219 Ill. App. 3d 120, 122-23, 579 N.E.2d 11.) Rather, as stated in *Renth*:

> "*Laches* depends on whether, under all the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did. It has been defined to be such neglect or omission to assert a right, taken in conjunction with lapse of time of more or less duration, and other circum-

---

[1]Section 13—217 has recently been amended to remove from its ambit voluntary dismissals and dismissals for want of prosecution. (Pub. Act 89—7, § 15, eff. March 9, 1995 (amending 735 ILCS 5/13—217 (West 1992)).) However, because the amendment is prospective in application, we apply the prior version in this appeal.

stances causing prejudice to an adverse party \*\*\*." (*Renth*, 219 Ill. App. 3d at 123.)

Although *Renth* indicates that notions of diligence are central to a finding of *laches*, here the trial court made no finding as to prejudice. Thus, even were we inclined to overlook the fact that E.A. Cox never asserted *laches* below, beyond the bald assertions in its brief on appeal as to unavailability of witnesses, the record does not demonstrate that E.A. Cox suffered any prejudice. Therefore, we decline to find *laches* applicable in this cause.

■ E.A. Cox further suggests that we construe the trial court's order as one dismissing the cause for want of prosecution. Under Rule 369(c) (134 Ill. 2d R. 369(c)), the trial court should not take any action on this court's mandate absent the requisite notice. (*Jackson v. Pellerano* (1991), 210 Ill. App. 3d 464, 473, 569 N.E.2d 167.) Nonetheless, jurisdiction revests in the trial court when this court's mandate issues. (*Pellerano*, 210 Ill. App. 3d at 473.) Thus, the cause is pending in the trial court as soon as the mandate issues, regardless of whether the parties attempt to act on the mandate. Therefore, a party may seek a dismissal for want of prosecution even if the action has not been reinstated. *Tidwell v. Smith* (1963), 43 Ill. App. 2d 9, 192 N.E.2d 410 (abstract opinion).

Here, E.A. Cox did not file a motion seeking dismissal for want of prosecution. Furthermore, we have examined the substance of the trial court's comments in refusing to reinstate this cause and we do not believe the trial court intended to dismiss for want of prosecution. First, the order on appeal does not so state. Second, dismissing for want of prosecution would trigger the refiling provisions of section 13—217, undermining the trial court's clear intention to dismiss with prejudice. Accordingly, we decline to construe the order on appeal as a dismissal for want of prosecution.

Nonetheless, we believe the trial court was justified in refusing to reinstate this cause. As we have noted, to the extent that this case languished without action in the trial court for 23 months, that court could have been justified in dismissing for want of prosecution or on a finding of *laches*. Instead, the trial court refused to reinstate the case because National failed to exercise diligence or offer an explanation for its lack of diligence in reinstating the cause. Like the trial court, we perceive no reason why under Rule 369(c), apart from all other situations in the law, a party should have unlimited time to assert its rights simply because Rule 369(c) does not contain an express time limitation.

■ There are few cases interpreting Rule 369 at all, let alone its absence of a time limit. In analyzing supreme court rules, our duty is

to ascertain and give effect to the intention of the supreme court in establishing them. (*Killoren v. Racich* (1994), 260 Ill. App. 3d 197, 632 N.E.2d 621.) Practice rules were initially adopted to facilitate the orderly and expeditious disposition of litigation. (*Vasco Trucking, Inc. v. Parkhill Truck Co.* (1972), 6 Ill. App. 3d 572, 286 N.E.2d 383; *City National Bank & Trust Co. v. Almond* (1963), 42 Ill. App. 2d 314, 192 N.E.2d 297.) To interpret Rule 369(c) as providing parties an ever open window to reinstate a case would thwart, indeed, flaunt, this purpose. Additionally, we have previously recognized the "inherent power" of the trial courts "to manage their own dockets" and to dismiss cases "to avoid congestion in the[ir] calendars." *Nicholson v. Chicago Bar Association* (1992), 233 Ill. App. 3d 1040, 1045, 599 N.E.2d 1132.

In *Bloomberg*, the court recognized that under Rule 369(c), although not expressly provided for, the prevailing party on appeal has an affirmative burden to pursue its rights after the mandate issues. (*Bloomberg*, 126 Ill. App. 3d at 338, citing *Rosewood Corp. v. Fisher* (1974), 20 Ill. App. 3d 422, 427, 314 N.E.2d 294.) We believe that the existence of a duty to act implies the existence of a time limitation within which to act. Although we also believe the enactment of such a limitation to be the ideal, such action is for our supreme court to take, in its rulemaking capacity. Nonetheless, we believe that the existing patchwork of precedent addressing delay in reinstatement, although producing proper results, provides inadequate guidelines to trial courts faced with these situations and results in a waste of judicial resources. (See Price & Kittel, *Illinois Supreme Court Rule 369: Recommendations for Filling the Void*, 5 Chi. B.A. Rec. 14, 16—17 (March 1991).) Therefore, we hold that when a case is remanded to the trial court, and this court's mandate issues, a prevailing party must reinstate the cause pursuant to Rule 369(c) within a reasonable time. We will review a trial court's determinations in these matters for an abuse of discretion.

In determining whether a party has reinstated a case within a reasonable time, a trial court should take into account the totality of the circumstances, particularly any reason proffered for undue delay. Although we do not, in this appeal, determine the temporal limits of "a reasonable time," we note that under section 88 of the former Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 88), the prevailing party in an appeal had precisely one year from the date of a decision by this court to file the mandate in the circuit court. Failing that, the party lost the advantage of its victory.

■ Our decision imposing a reasonableness requirement is somewhat mirrored in our courts' review of the timeliness of petitions for

relief from judgment filed under section 2—1401 of the Code. (735 ILCS 5/2—1401 (West 1992).) Although section 2—1401(c) provides that litigants have two years from the entry of judgment to file such petitions, our courts have held that a petitioner must exercise due diligence in filing the petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381.) Thus, a trial court may dismiss a petition under section 2—1401 even if filed within two years, if the petitioner fails to demonstrate that it exercised due diligence in ascertaining and then acting upon its rights. (*Slade v. Bowman* (1977), 49 Ill. App. 3d 242, 364 N.E.2d 922.) Our courts have not hesitated to refuse to entertain section 2—1401 petitions filed within the two-year requirement when it appeared from the record that unreasonable delay had occurred. (See *Universal Outdoor, Inc. v. City of Des Plaines* (1992), 236 Ill. App. 3d 75, 603 N.E.2d 585 (15 months); *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284 (21 months); *American National Bank & Trust Co. v. Colby* (1974), 19 Ill. App. 3d 1051, 313 N.E.2d 305 (17 months).) The grounds available to a trial court for dismissing for lack of due diligence include the mere failure to offer a reasonable excuse for undue delay in filing the petition (*Gall v. Flash Cab Co.* (1968), 100 Ill. App. 2d 64, 241 N.E.2d 673) which, in the appeal before us, was the trial court's primary reason for refusing reinstatement.

Here, National failed to attempt reinstatement for 23 months after our mandate issued in *National I.* The trial court offered National every opportunity to proffer an explanation for its concededly extraordinary delay. Indeed, we did likewise during oral argument of this appeal. None was forthcoming. Under the circumstances, we cannot conclude that the trial court abused its discretion in refusing reinstatement.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.