THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellants, v. NL INDUSTRIES, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—94—0670

Opinion filed November 13, 1996.

Jack O'Malley, State's Attorney, of Chicago (Jennifer A. Whitfield, Mitchell J. Levin, Sharon Johnson Coleman, and Robert C. Buckley, Jr., Assistant State's Attorneys, of counsel), for appellants.

Robert J. Zaideman, Daniel Riesel, and Robin E. Rosenberg, all of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, the People of the State of Illinois and the Illinois Environmental Protection Agency (collectively hereinafter the State), appeal from an order of the circuit court of Cook County denying the State's motion to reconsider the circuit court's earlier denial of a motion to reinstate this civil action against 13 defendants for alleged violations of the Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111¹/₂, par. 1001 *et seq.* (now 415 ILCS 5/1 *et seq.* (West 1994))). Two of the thirteen defendants, NL Industries, Inc. (hereinafter NL), and Goodwill Industries of Chicago and Cook County, Illinois (hereinafter Goodwill), have filed responsive briefs to the State's appeal. Jurisdiction is vested in this court pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

In early 1986, the Illinois Environmental Protection Agency (hereinafter IEPA) undertook an extensive investigation of releases and threatened releases of hazardous substances at the former Dutch Boy Paints facility on the southwest side of Chicago. The property had been owned by NL from the 1930s until 1976. Thereafter, until December 1980, the site was owned by ARTRA, Inc. (hereinafter ARTRA), formerly known as Dutch Boy, Inc. It is alleged in the State's complaint that during the four decades that the property was owned

by these defendants, quantities of hazardous substances were leaked, spilled and released into the environment.

In December 1980, ownership of the property was gratuitously transferred to Goodwill by ARTRA. Goodwill subsequently transferred title in trust to the property to the American National Bank and sold it to defendant John Heckens. Several subsequent transfers of the property were made and the current owner is defendant La Von Tarr.

As a result of its investigation, IEPA initiated an immediate removal and cleanup action in 1986. On December 27, 1988, the Cook County State's Attorney, at the behest of IEPA, filed this civil action against defendants to recover the costs of the cleanup, civil penalties, punitive damages and attorney fees.

On April 7, 1989, the trial court granted ARTRA's motion to dismiss the case based on the State's failure to exhaust its administrative remedies before the Pollution Control Board. The State appealed from the circuit court's decision, and this court affirmed the circuit court in *People v. NL Industries, Inc.*, 218 Ill. App. 3d 300 (1991).

The State successfully sought leave to appeal to the Supreme Court of Illinois. On October 1, 1992, the supreme court in *People v. NL Industries*, 152 Ill. 2d 82 (1992), held that the Pollution Control Board and the circuit court hold concurrent jurisdiction to hear cost-recovery actions. Consistent with this holding, the supreme court reversed the appellate and circuit courts and remanded the action to the circuit court for further proceedings. The mandate of the supreme court was filed with the clerk of the circuit court of Cook County on December 16, 1992.

The State did nothing to reinstate or otherwise prosecute the case until September 9, 1993, when it filed a jurisdictionally premature motion to lift an old stay of discovery. At the October 13, 1993, hearing on this motion, the trial judge expressly stated that he did not acquiesce in the redocketing of the case and that defendants were not precluded from challenging the appropriateness of redocketing a case so long after the mandate had been handed down.

On October 20, 1993, the State filed a motion to reinstate the case pursuant to Supreme Court Rule 369(c) (134 Ill. 2d R. 369(c)). On December 20, 1993, the circuit court denied the motion to reinstate and dismissed the action with prejudice.

Remarkably, the State has asserted before the circuit court and this court at oral argument that it need not offer any reason or explanation for this delay due to its unique position as a sovereign.

On appeal, plaintiffs urge that the trial court abused its discretion in not granting the State's motion to reinstate and dismissing the case.

██ ██ Supreme Court Rule 369(c) provides as follows:

> "(c) Remandment. When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." 134 Ill. 2d R. 369(c).

It has been over a decade since this court recognized that an affirmative duty is placed upon a prevailing party on appeal to pursue his rights after the reviewing court's mandate has issued. See *Miller v. Bloomberg*, 126 Ill. App. 3d 332 (1984). This duty is discharged when the prevailing litigant has the case reinstated within a reasonable time. *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 836 (1995). "In determining whether a party has reinstated a case within a reasonable time, *a trial court should take into account the totality of the circumstances, particularly any reason proffered for undue delay*." (Emphasis added.) *National Underground*, 273 Ill. App. 3d at 836. A trial court's determination of these matters is within its sound discretion and will not be disturbed by a court of review absent a clear abuse of that discretion. *National Underground*, 273 Ill. App. 3d at 836.

██ In examining the record, we note that the trial court's order expressly states:

> "5. Defendants['] entitlement to allege and prove prejudice arising from defendants['] delay in redocketing is neither reached nor resolved by this opinion and order."

Why not? In *National Underground*, as noted *supra*, the court correctly held that a totality of the circumstances test must be applied in the examination of the failure of a party seeking reinstatement. The prejudice to a party is certainly part of the totality of the circumstances and should be considered by the trial court. While we understand that the *National Underground* court quite properly focused upon the failure of the party seeking reinstatement to provide a reason for delay, nowhere in its opinion did the court suggest that the failure to provide a proper explanation for such delay excuses a court from at least considering the injury caused by that delay.

There is a subtle difference between this case and *National Underground*. There the plaintiff refused to offer any reason for the delay and stood mute before the trial judge and the appellate panel. *National Underground*, 273 Ill. App. 3d at 837. In the case *sub judice*, the State asserted that its unique position as sovereign precluded *laches* or estoppel from running against it. While that may be true with respect to many issues such as prescriptive rights, adverse possession or similar matters, the State is nevertheless held to observe

the procedural rules of the court system. Would the State argue that it is not subject to discovery rules or deadlines of one sort or another imposed upon all litigants? We think not. Accordingly, this case is distinguishable from *National Underground* because here the State offered a reason, albeit an inappropriate reason.

The other cases touching upon Rule 369(c) are also distinguishable. In *Miller v. Bloomberg*, 126 Ill. App. 3d 332 (1984), where the delay was more than $2^1/2$ years, the defendant was able to show prejudice occasioned by the delay. In *Rosewood Corp. v. Fisher*, 20 Ill. App. 3d 422 (1974), after a two-year delay, the defendants attempted to take advantage of the very delay they themselves had caused. In *Tidwell v. Smith*, 43 Ill. App. 2d 9 (1963) (abstract of op.), an almost two-year delay was found unreasonable where the complaining party failed to even move for reinstatement. None of these situations is the case here.

Accordingly, we remand this matter to the circuit court to allow the State to articulate the reasons for the delay in moving for reinstatement. The State is now aware that we do not accept its notion that procedural rules of the courts of Illinois are not applicable to it and, if it is to prevail, it cannot stand mute.

In light of the foregoing, the judgment of the circuit court of Cook County is reversed and remanded with instructions.

Judgment reversed and remanded with instructions.

CERDA and GREIMAN, JJ., concur.