2026 IL App (1st) 251376-U

FIRST DIVISION
March 9, 2026

No. 1-25-1376

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) | Appeal from the Circuit Court of |
| Subrogee of Community College | ) | Cook County. |
| District No. 508, d/b/a City Colleges | ) | |
| of Chicago and CMO, a Joint Venture, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | No. 16 L 12712 |
| | ) | |
| v. | ) | |
| | ) | |
| INFRASTRUCTURE ENGINEERING, INC., | ) | |
| | ) | Honorable Kathy M. Flanagan, |
| Defendant-Appellee. | ) | Judge Presiding |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: We vacate the trial court's judgment denying reinstatement and remand the case for a new hearing on the motion to reinstate the case. The trial court abused its discretion by failing to consider all factors required by controlling law before denying the motion to reinstate.

¶ 2    This is the second time this case has been before us. The first time the case was in this court, plaintiff appealed the trial court's ruling granting summary judgment to defendant. In that appeal, plaintiff prevailed when we reversed the order of summary judgment. Defendant filed a petition for leave to appeal to the supreme court which was granted. The supreme court affirmed

this court's decision and remanded the case to the trial court for further proceedings. Four and a half months after the supreme court's mandate issued, plaintiff, the prevailing party on appeal, filed a motion to reinstate the case in the trial court. The trial court denied plaintiff's motion to reinstate the case.

¶ 3     Plaintiff filed a motion to reconsider the trial court's denial of its motion to reinstate the case. The trial court denied the motion to reconsider, explaining that plaintiff failed to provide a reasonable excuse for its delay in seeking reinstatement in its motion. Plaintiff now appeals. For the reasons that follow, we vacate the trial court's judgment and remand the matter for a new hearing on plaintiff's motion to reinstate the case.

¶ 4                                BACKGROUND

¶ 5     The case presents an insurance coverage dispute over damage to a construction project resulting from a rainstorm. Plaintiff Zurich American Insurance Company originally filed this case in December 2016. In October 2022, the circuit court entered summary judgment in favor of defendant Infrastructure Engineering, Inc. Plaintiff filed an appeal of that summary judgment to this court in January 2023. In October 2023, we reversed the grant of summary judgment, and we remanded the case to the circuit court for further proceedings. *Zurich American Insurance Co. v. Infrastructure Engineering, Inc.*, 2023 IL App (1st) 230147, ¶ 57. Defendant filed a notice of appeal to the Illinois Supreme Court, and the Court agreed to hear the case. *Zurich American Insurance Co. v. Infrastructure Engineering, Inc.*, 226 N.E.3d 10 (Table, January 24, 2024). The supreme court affirmed our decision, and it remanded the case to the circuit court for further proceedings. *Zurich American Insurance Co. v. Infrastructure Engineering, Inc.*, 2024 IL 130242, ¶ 54.

¶ 6     The supreme court's mandate issued on October 24, 2024. The circuit court filed the mandate upon receiving it. On March 14, 2025, plaintiff filed a motion to reinstate the case in the circuit court. Plaintiff filed a two page, five-paragraph motion in which it recounted the procedural history of the case and concluded by asking the circuit court to "reopen the instant case for further proceedings and set the matter for trial." No written objection to the motion was filed before the motion to reinstate was heard. On the initial presentment of the motion, defendant orally objected to the motion in open court stating that the motion to reinstate was untimely. In that same court appearance, the circuit court denied plaintiff's motion to reinstate the case.

¶ 7     Plaintiff filed a motion to reconsider the circuit court's denial of its motion to reinstate the case. Plaintiff pointed out that the trial court had denied its motion at its initial presentment without briefing or a hearing while the only objection was the oral objection defendant had made at that same presentment hearing, asserting that the motion was untimely. Plaintiff argued to the trial court that the court failed to consider the totality of the circumstances as is required by existing law before ruling on a motion to reinstate a case following appeal. Plaintiff explained, with an affidavit from its attorney, that the motion to reinstate had not been filed sooner because counsel expected to receive notice from the circuit court when the mandate was filed but did not receive such notice.

¶ 8     Upon presenting its motion to reconsider, plaintiff orally requested a hearing on the motion. The trial court rejected plaintiff's request for a hearing. Defendant explained to the trial court that it had filed a short response to the motion, but the trial court indicated that it had not given defendant leave to respond to the motion. When defendant asked for leave to file its

response, the circuit court denied defendant's request and informed the parties that the court would send them an order by email within 14 days, by May 14, 2025.

¶ 9    On July 9, 2025, the trial court issued a written order denying the motion to reconsider. In its written order, the trial court explained that the party moving to reinstate the case must establish due diligence. The trial court stated that, "[d]ue diligence requires that an untimely movement for reinstatement must have a reasonable excuse for not acting sooner." The trial court explained that plaintiff did not provide any excuse for the nearly five-month delay in filing the motion for reinstatement. Instead, the trial court found, plaintiff had only averred that it was unaware of the mandate issuing because it did not receive notice from either the supreme court or the circuit court that the mandate had been issued or filed.

¶ 10   Despite earlier rejecting defendant's request to file a response, the trial court indicated in its order that it agreed with the arguments made by defendant in its response—that the case law plaintiff relied upon in its motion to reconsider was distinguishable because, in those cases cited by plaintiff, the party who delayed seeking reinstatement had provided the court with an acceptable excuse for the delay whereas plaintiff had not. Thus, the circuit court denied the motion to reconsider and its decision to deny plaintiff's motion to reinstate the case became final and dispositive of plaintiff's claims. Plaintiff now appeals.

¶ 11                                    ANALYSIS

¶ 12   Plaintiff argues that the circuit court erred when it denied the motion to reinstate the case following remand from the Illinois Supreme Court. Plaintiff claims that the motion to reinstate was filed within a reasonable time, especially in light of the fact that it did not receive notice that the mandate was filed by the circuit court. Plaintiff asks that we reverse the circuit court's ruling and remand the case for trial. Defendant, on the other hand, argues that plaintiff has shown no

excuse for its four-and-a-half month delay in seeking reinstatement of the case and, therefore, we should affirm the circuit court's judgment.

¶ 13    The Illinois Supreme Court Rules govern the issuance and filing of a reviewing court's mandate. Rule 368 provides that the clerk of the reviewing court shall transmit the reviewing court's mandate to the circuit court, with notice to the parties, after the reviewing court's judgment becomes final. Ill. S. Ct. R. 368(a) (West 2022) (eff. Oct. 1, 2020). Once the circuit court receives the reviewing court's mandate, the mandate shall be filed promptly. Ill. S. Ct. R. 369(a) (West 2022) (eff. July 1, 1982). "When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. S. Ct. R. 369(c) (West 2022) (eff. July 1, 1982).

¶ 14    The Supreme Court Rules governing the issuance and filing of a reviewing court's mandate do not contain a time limit in which the party seeking reinstatement must act. *Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant & Pancake House*, 2025 IL App (1st) 231573, ¶ 20. Our courts have nevertheless interpreted Rule 369 to require reinstatement by the prevailing party "within a reasonable time" after the reviewing court's mandate issues. *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 835-36 (1995). A party that prevails on appeal can lose the benefit of that victory if it does not diligently pursue the matter on remand. *Appel*, 2025 IL App (1st) 231573, ¶ 20.

¶ 15    We review the circuit court's decision as to whether reinstatement was sought within a reasonable time for an abuse of discretion. *Id.* at ¶ 21. An abuse of discretion occurs when no reasonable judge would rule as the trial court did. *In re Marriage of Sadovsky*, 2019 IL App (3d) 180204, ¶ 24. An abuse of discretion also occurs when the court fails to apply the proper law. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99 (2006) ("A trial

court abuses its discretion if it fails to apply the proper criteria when it weighs the facts, and a reviewing court must consider both the legal adequacy of the way the trial court reached its result as well as whether the result is within the bounds of reason.") (internal quotation marks omitted); *Silverberg v. Haji*, 2015 IL App (1st) 141321, ¶ 34 ("if a trial court's decision rests on an error of law, then it is clear that an abuse of discretion has occurred, as it is always an abuse of discretion to base a decision on an incorrect view of the law.").

¶ 16     To determine whether the prevailing party on appeal has sought reinstatement of its case within a reasonable time, the circuit court is to consider any proffered reason for the delay, the injury caused by the delay, and prejudice to the parties. *People v. NL Industries, Inc.*, 284 Ill. App. 3d 1025, 1028 (1996). The trial court must, however, consider the totality of circumstances. *Id.* Prejudice to the opposing party is part of the totality-of-circumstances analysis that must be taken into account in determining whether the party seeking reinstatement has acted within a reasonable time. *Id.* Intertwined with whether the party petitioning for reinstatement has set forth an acceptable reason for the delay, we consider the diligence or lack of diligence on the part of the party seeking reinstatement. See *Ryan v. Kontrick*, 335 Ill. App. 3d 225, 229 (2002) (due diligence requires a petitioner to have a reasonable excuse for failing to timely file the petition).

¶ 17     In this case, the trial court considered the reasons presented orally to the court. But there is no indication the trial court considered injury caused by the delay and prejudice to the parties. As we have previously explained, "a totality of the circumstances test *must be applied* in the examination of the failure of a party seeking reinstatement (emphasis added)." *NL Industries*, 284 Ill. App. 3d at 1028. The circuit court abused its discretion when it denied plaintiff's motion to reinstate the case at the presentment hearing without considering or allowing plaintiff a

meaningful opportunity to present any of the circumstances the prevailing law requires to be considered before a motion to reinstate a case may be denied.

¶ 18    Defendant observes that we have previously held that a trial court may dismiss a petition for lack of due diligence based on "the mere failure to offer a reasonable excuse for undue delay in filing the petition" (citing *National Underground*, 273 Ill. App. 3d at 836-37). Defendant asserts that, "[t]his is exactly the situation here: the record does not show that [plaintiff] provided the Circuit Court with *any* excuse for its delay in seeking reinstatement (emphasis in original)." Defendant further draws attention to plaintiff's alleged failure to make a sufficient record in the trial court and on plaintiff's failure to apprise the trial court of the relevant circumstances in its motion to reinstate the case.

¶ 19    When plaintiff filed its motion for reinstatement following the remand from the supreme court, defendant had filed no objection prior to the hearing. When plaintiff presented its initial motion, it apparently did not anticipate an objection or allege in the motion any excuse for a delay in seeking reinstatement. As we noted earlier, the statute does not provide a fixed deadline for when a petition for reinstatement must be filed. The trial court denied the motion at its initial perfunctory presentment hearing after defendant made an oral objection. The court determined plaintiff was not diligent without any briefing. See Cook County Circuit Court Rule 2.1(d) (Aug. 21, 2000).

¶ 20    After the initial perfunctory hearing, it was not until plaintiff filed its motion to reconsider that it had the opportunity to respond to the alleged untimeliness of its motion to reinstate the case. The trial court denied plaintiff's request for a hearing on the motion to reconsider. Defendant requested leave to file a written response to the motion for reconsideration, but the court did not allow defendant to present its argument.

"Mr. Dunne: Judge, on behalf of [defendant], we did file a response, a three-

pager.

The Court: Okay. But I didn't give you leave to file a response, did I?

Mr. Dunne: Understood, Judge. I just wanted to --

The Court: Okay.

Mr. Dunne: Can we have leave to file it?

The Court: No. Okay. I'll send you an e-mail within 14 days, no later than 5/14."

¶ 21    Plaintiff was left to try to litigate its motion to reinstate the case through a motion to

reconsider but under law it could not present new arguments or new evidence that it did not

include in its original barebones motion to reinstate the case. Nor could plaintiff file a reply to

defendant's response because the court denied defendant leave to file the response.

¶ 22    Although the trial court denied defendant leave to file a response to the motion to

reconsider, the trial court's order denying plaintiff's motion to reconsider stated that it relied on

argument and cases cited in defendant's response to the motion in rejecting plaintiff's arguments

for reconsideration:

> "The amended response of the defendant is correct in that the several cases relied
>
> upon by the plaintiff wherein reinstatements of cases have been excused and
>
> allowed for periods longer than 4 ½ to 5 months are distinguishable."

¶ 23    The trial court failed to address the fact that it had previously denied defendant leave to

file that same response. The court's order denying defendant leave to file the response prevented

plaintiff from having a meaningful opportunity to respond to the matters raised in defendant's

response. We believe no reasonable court would deny a defendant leave to file a response to a

motion and then rely on cases cited and arguments made in defendant's response to deny

plaintiff's motion. The court's procedure disadvantaged plaintiff. Overall, plaintiff was left without any reasonable opportunity to prove that its motion to reinstate should have been found to be timely under all the relevant circumstances.

¶ 24    Plaintiff cannot be held to have anticipatorily pled around any of defendant's potential objections or the trial court's own misgivings. In examining and rejecting the same argument defendant makes here, we have held that "the failure to provide a proper explanation for [a] delay [does not] excuse[] a court from at least considering the injury caused by that delay." *NL Industries, Inc.*, 284 Ill. App. 3d at 1028. At this point, the case has been ongoing for more than nine years, and plaintiff was entitled to a consideration of the relevant factors that must be considered when ruling on a motion to reinstate before its motion was denied and it would be subject to a very harsh forfeiture. See *Appel*, 2025 IL App (1st) 231573, ¶ 24 (there is a general preference for resolving cases on the merits); *Panel Built, Inc. v. De Kalb County*, 2019 IL App (2d) 180334, ¶¶ 35-36 (motion to reinstate a case properly evaluated for justice and fairness).

¶ 25    Defendant argues that plaintiff has failed to provide a sufficiently complete record on appeal to support its claim of error (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984)). Defendant argues there is no record of the initial hearing when plaintiff presented its motion to reinstate the case and that plaintiff failed to explain the reasons for the 4 ½ month delay or provide any information to show it acted diligently.

¶ 26    As a general rule, it is the appellant's burden to provide a sufficiently complete record to allow for meaningful appellate review. *Court of Northbrook Condominium Association v. Bhutani*, 2014 IL App (1st) 130417, ¶ 42. The record provided by the appellant must be sufficient to support its claims of error. *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st)

191307, ¶ 30. Here, the record contains all the information necessary and is sufficiently complete to allow us to provide meaningful review.

¶ 27     In the trial court's order denying plaintiff's motion to reconsider, the trial court recounted the case's procedural history, the parties' arguments, the facts and evidence, the applicable law, and the court's basis for its ruling. Defendant has also made several admissions about relevant facts in its filings both here and in the trial court. It is not essential that there be a transcript of the presentment hearing where all the required information is included in other filings in the record. *Marx Transport, Inc. v. Air Express International Corp.*, 379 Ill. App. 3d 849, 853-54 (2008) (transcript not required when issues on appeal can be resolved from the record as it stands, including the parties' admissions and the trial court's order stating its reasons for its ruling).

¶ 28     The trial court here was required by prevailing precedent to consider the totality of the circumstances in deciding whether the time period in which plaintiff sought reinstatement was reasonable. *NL Industries*, 284 Ill. App. 3d at 1028. For example, the trial court here did not consider the issue of prejudice which is "certainly part of the totality of the circumstances" analysis for deciding whether to grant a motion to reinstate a case following an appeal. *Id*. A trial court's failure to consider the required factors when making a ruling may result in an abuse of discretion. See *Bruce v. Atadero*, 405 Ill. App. 3d 318, 328 (2010) (trial court's failure to consider a factor in a *forum non conveniens* analysis was an abuse of discretion); *In re Marriage of McMahon*, 82 Ill. App. 3d 1126, 1130 (1980) (trial court's failure to consider all statutory factors for distributing commingled marital property constitutes an abuse of discretion).

¶ 29     The record demonstrates that trial court did not consider the totality of the circumstances before ruling on plaintiff's motion to reinstate the case, and its failure to do so constitutes an abuse of discretion. *Boatmen's National Bank of Belleville v. Martin*, 155 Ill. 2d 305, 314 (1993)

(trial court abuses its discretion if it fails to apply the proper criteria when it weighs the facts); *Seymour v. Collins*, 2015 IL 118432, ¶ 50 (when a court is required by law to exercise its discretion, the failure to do so may itself constitute an abuse of discretion). Accordingly, we vacate the circuit court's ruling denying plaintiff's motion to reinstate the case, and we remand the matter for a new hearing on the motion to reinstate.

¶ 30                                   CONCLUSION

¶ 31    For the foregoing reasons, the judgment of the circuit court is vacated. We remand the case to the circuit court for further proceedings consistent with this order.

¶ 32    Vacated and remanded.