THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. N L INDUSTRIES, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—1148

Opinion filed August 7, 1991.

---

*Justice White participated in this opinion prior to his retirement.

John M. O'Malley, State's Attorney, of Chicago (Mercer Cook, Eric Dunham, and Jennifer A. Whitfield, Assistant State's Attorneys, of counsel), for the People.

Altheimer & Gray, of Chicago, for appellee Cole Taylor Bank.

Larry G. Stone, of Chicago, for appellee M & T Enterprises, Inc.

Feiwell, Galper & Lasky, of Chicago, for appellee American National Bank.

Robert J. Zaideman, of Chicago, and Robin Rosenberg and Daniel Riesel, both of New York, New York, for appellee N L Industries, Inc.

Kwiatt & Silverman, of Chicago (Scott E. Tuckman, of counsel), for appellees ARTRA Group, Inc., John J. Harvey, and Peter R. Harvey.

Bell, Boyd & Lloyd, of Chicago, for appellee Goodwill Industries of Chicago and Cook County, Illinois.

Gloria Schaffer, of Chicago, for appellee Martin S. Bieber.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff People of the State of Illinois brought this action seeking compensatory and punitive damages, civil fines, and attorney fees pursuant to the Illinois Environmental Protection Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 1001 *et seq.*) against defendants N L Industries, Inc., ARTRA Group, Inc., John J. Harvey, Peter R. Harvey, American National Bank as trustee under trust Nos. 48495 and 55976, John Heckens, Goodwill Industries of Chicago and Cook County, La Salle National Bank as trustee under trust No. 105679, M & T Enterprises, Inc., Lavon Tarr, Martin S. Bieber, Randall Polk, individually and d/b/a Wrip Wrecking Company, and Cole Taylor Bank as trustee under trust No. 84141, all of which were alleged to have owned and/or operated the "Dutch Boy" paint-producing facility located at 12054 South Peoria Avenue, Chicago, Illinois (Site). Defendants moved to dismiss plaintiff's complaint, alleging that the circuit court did not have jurisdiction over the subject matter of plaintiff's action because the Illinois Pollution Con-

trol Board (PCB) has exclusive original jurisdiction to adjudicate issues relating to monetary damages under the Act.

The trial court dismissed the action on the grounds that the circuit court did not have original subject matter jurisdiction over the claims asserted in plaintiff's complaint and that the claims should have been brought before the PCB. We affirm.

Beginning in 1986, the Illinois Environmental Protection Agency (IEPA) undertook an extensive investigation of the release of hazardous substances at the Site. The IEPA engaged in significant analyses of the Site, made administrative determinations to clean up the Site, and identified various potentially responsible parties. Because of the perceived threat of the release of hazardous substances, the IEPA issued a record of decision in which it found that immediate removal of the hazardous materials from the Site was necessary to mitigate any risk of harm to both human health and the environment. The IEPA thereafter issued cost recovery notices pursuant to section 4(q) of the Act to each of the defendants for recovery of the costs of the removal/remedial action incurred by the IEPA. Ill. Rev. Stat. 1989, ch. 111½, par. 1004(g).

On December 28, 1988, the State's Attorney, on behalf of the People of the State of Illinois, filed this civil action in the circuit court seeking compensatory damages for recovery of the estimated $3 million expended by the IEPA in the cleanup of the Site, civil penalties, attorney fees, and punitive damages arising out of the alleged violations of the Act.

Specifically, the complaint alleges that defendant N L Industries, Inc., manufactured paint and lead products at the Site since before 1930 until 1976, and that during its ownership, quantities of hazardous substances were caused to be manufactured, stored, transported, used, released, discarded, and disposed of in the air, beneath and upon the ground of the Site. The other defendants were all subsequent title holders of the Site who allegedly failed to adequately store and dispose of the hazardous substances.

On January 10, 1989, defendant ARTRA Group, Inc. (ARTRA), moved to dismiss the complaint, contending that plaintiff had failed to exhaust its administrative remedies before the PCB and that the circuit court did not have subject matter jurisdiction to hear the action. On April 7, 1989, the trial court issued an order dismissing the complaint as to ARTRA, concluding that the PCB, not the circuit court, had primary and exclusive jurisdiction to hear the action. On April 21, 1989, the trial court issued an order dismissing the remaining defendants for the same reasons set forth in the April 7, 1989, order. It is from this dismissal that plaintiff appeals.

■ The Illinois Constitution grants the circuit courts original jurisdiction for all justiciable matters, with some exceptions where jurisdiction lies exclusively in the supreme court. (Ill. Const. 1970, art. VI, §9.) While the legislature has no power to limit or preclude the courts' constitutional jurisdiction to hear a matter, when the legislature creates a right having no counterpart in common law or equity, the legislature may limit the courts' jurisdiction to hear a matter involving that right since the legislature itself has created the right and the justiciable matter in enacting the statute. See *Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 219, 432 N.E.2d 881, 886; *DeKing v. Urban Investment & Development Co.* (1987), 155 Ill. App. 3d 594, 596-97, 508 N.E.2d 377, 379.

■ In the present case, it is undisputed that the Act provides concurrent original jurisdiction to the PCB and the circuit courts for certain forms of injunctive relief. (Ill. Rev. Stat. 1989, ch. 111½, pars. 1042(e), 1043(a).) The plain language of the statute allows the State's Attorney or the Attorney General to "institute a civil action for an injunction to restrain violations of this Act" or in cases of substantial danger to the environment or the public welfare to "institute a civil action for an immediate injunction to halt any *** activity causing or contributing to the danger or to require such other action as may be necessary." (Ill. Rev. Stat. 1989, ch. 111½, pars. 1042(e), 1043(a).) There is no language in the Act, however, that permits the State's Attorney or the Attorney General to initiate civil actions in the circuit courts for any other type of relief against alleged violators of the Act. Moreover, there is no law in Illinois outside the Act that permits such actions for violations of the Act to be initiated in the circuit courts. See *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 379 N.E.2d 349; Currie, *Enforcement Under the Illinois Pollution Law*, 70 N.W. L. Rev. 389, 445 (1976).

Under the circumstances, we conclude that with the exception of injunctive relief as provided by the Act, all relief for violations of the Act must first be sought from the PCB. We therefore hold that the circuit court did not have original jurisdiction to grant the relief sought by the plaintiffs in this case.

Accordingly, the order dismissing the action is affirmed.

Affirmed.

CERDA, P.J., and WHITE,* J., concur.

---

*Justice White participated in this opinion prior to his retirement.