THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellants, v. NL INDUSTRIES, INC., *et al.*, Defendants-Appellees.

First District (2nd Division) No. 1—97—3463

Opinion filed June 2, 1998.

Richard A. Devine, State's Attorney, of Chicago (Robert Ruiz, Jennifer A. Whitfield, and Frank J. Parkerson, Assistant State's Attorneys, of counsel), for appellants.

Robert J. Zaideman and David R. Nordwall, both of Epstein, Zaideman & Esrig, P.C., and Kenneth E. Rechtoris and Maureen Ward Kirby, both of Bell, Boyd & Lloyd, both of Chicago, and Marcus A. Martin and Bartlit Beck Herman, both of Palenchar & Scott, of Denver, Colorado, for appellees.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiffs, the People of the State of Illinois and the Illinois Environmental Protection Agency, appeal from an order of the circuit court denying their motion to reinstate this civil action and to lift a stay of discovery against 13 defendants for alleged violations of the Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1001 *et seq.* (now 415 ILCS 5/1 *et seq.* (West 1994))). Plaintiffs' motion was brought after this court's decision in *People v. NL Industries, Inc.*, 284 Ill. App. 3d 1025, 673 N.E.2d 717 (1996), in which we remanded the case to the trial court to allow plaintiffs to articulate their reasons for the delay in moving for reinstatement. On appeal, plaintiffs argue that the trial court abused its discretion by refusing to reinstate this case on the docket.

## BACKGROUND

This case began on December 27, 1988, with the filing of a five-count complaint by plaintiffs, the People of the State of Illinois and the Illinois Environmental Protection Agency (collectively hereinafter the State), against 13 defendants: NL Industries, Inc.; Artra Group, Inc.; John Harvey; Peter R. Harvey; American National Bank, as trustee under trust numbers 48495 and 55976; John Heckens; Goodwill Industries of Chicago and Cook County, Illinois; La Salle National Bank, as trustee under trust number 105679; M & T Enterprises, Inc.; Lavon Tarr; Martin S. Bieber; Randall Polk, individually and d/b/a Wrip Wrecking Co.; and Cole Taylor Bank Drovers No. 84141. The State sought cost recovery from the defendants in the amount of $2,270,000 for the pollution of an abandoned paint manufacturing facility on the south side of Chicago. In its complaint, the State sought compensation for the funds expended in cleaning up the facility, punitive damages, fees and costs and the imposition of civil fines against the defendants.

After the complaint had been filed, the defendants secured a stay of discovery pending the resolution of certain motions to dismiss which had been filed or were to be filed. Defendant Artra Group, Inc. (ARTRA), filed a motion to dismiss contending that the complaint should be dismissed due to the failure of the State to exhaust its administrative remedies before the Pollution Control Board. On April 7, 1989, the trial court granted ARTRA's motion to dismiss the case. The State appealed and this court affirmed the circuit court in *People v. NL Industries, Inc.*, 218 Ill. App. 3d 300, 578 N.E.2d 237 (1991).

The State successfully sought leave to appeal to the Illinois Supreme Court. On October 1, 1992, in *People v. NL Industries*, 152 Ill. 2d 82, 604 N.E.2d 349 (1992), the supreme court held that the Pollution Control Board and the circuit court hold concurrent jurisdiction to hear cost-recovery actions and reversed the appellate and circuit courts. The supreme court remanded the action to the circuit court for further proceedings. The mandate of the supreme court was filed with the clerk of the circuit court of Cook County on December 16, 1992.

On September 9, 1993, the State filed a motion to lift stay of discovery. On October 20, 1993, the State filed a motion to reinstate the case pursuant to Supreme Court Rule 369(c) (134 Ill. 2d R. 369(c)). On December 20, 1993, Judge Richard L. Curry denied the motion to reinstate and dismissed the action with prejudice. In his 17-page opinion and order, Judge Curry noted, *inter alia*, that the State had failed to articulate any reason for the delay in reinstating the case and had, instead, argued that the right to reinstate under Supreme Court Rule 369(c) is absolute and mandates redocketing without any showing of due diligence.

The State appealed the dismissal. On February 14, 1996, this court affirmed the denial of the State's motion to reinstate the case. However, on November 13, 1996, a modified opinion was issued. In *People v. NL Industries, Inc.*, 284 Ill. App. 3d 1025, 673 N.E.2d 717 (1996), we rejected the State's argument that it need not articulate a reason for its delay in reinstating the action and pointed out that an affirmative duty is placed upon a prevailing party on appeal to pursue its rights after the reviewing court's mandate has issued. *NL Industries, Inc.*, 284 Ill. App. 3d at 1028. Citing *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 652 N.E.2d 1108 (1995), we explained that a totality of the circumstances test must be applied in the examination of the failure of a party seeking reinstatement and that the prejudice to a party is certainly part of such an examination. *NL Industries, Inc.*, 284 Ill. App. 3d at 1028. Accordingly, the case was remanded to the circuit court to "allow the State to articulate the reasons for the delay in moving for reinstatement." On April 16, 1997, the State presented its motion to reinstate the case on the docket and to lift the stay of discovery.

On August 11, 1997, a hearing was held on the State's motion, after which Judge Lester Foreman denied the State's motion and dismissed the action with prejudice. The State appeals from that order.

We affirm.

ANALYSIS

I

The State contends that the trial court abused its discretion by refusing to reinstate its case where the delay was explained and was reasonable. The State also argues that the trial court applied the wrong standards in determining whether to grant reinstatement. The State further argues that the trial court erred in adopting the former trial court's reasoning *in toto*. We disagree.

■ Supreme Court Rule 369(c) provides:

"When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." 134 Ill. 2d R. 369(c).

When a case is remanded to the trial court and this court's mandate issues, a prevailing party must reinstate the cause pursuant to Rule 369(c) within a reasonable time. *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 836, 652 N.E.2d 1108 (1995). In determining whether a party has reinstated a case within a reasonable time, a trial court should take into account the totality of the cir-

cumstances, particularly any reason proffered for undue delay. *National*, 273 Ill. App. 3d at 836; *O'Brien v. Meyer*, 281 Ill. App. 3d 832, 839, 666 N.E.2d 726 (1996). We will review a trial court's determination in these matters for an abuse of discretion. *National*, 273 Ill. App. 3d at 836.

The record in the case *sub judice* reflects that, on September 9, 1993, the State filed a motion to lift the stay of discovery that had been entered at the case's inception. The actual motion to reinstate the case was not filed until October 20, 1993. The State argues that the nine-month delay between the filing of the supreme court's mandate to reinstate the case and the State's first attempt to revive the case was caused by "serious time constraints under which Plaintiffs' counsel labored at the time, the need to set priorities and the desire not to begin the active litigation of the case until counsel assigned to it had sufficient time to do a diligent job." At the August 11, 1997, hearing before Judge Foreman, the State argued that, at the time the supreme court's mandate was issued, those assistant State's Attorneys assigned to the case already had full calendars. Assistant State's Attorney Frank Parkerson, who was lead counsel on the case, along with Assistant State's Attorney Jennifer Whitfield, were busy working on an extensive murder case that involved the criminal prosecution of three corporations and four corporate officers. In an attempt to coordinate litigation of this case with the other assistant State's Attorneys and their caseloads, the State decided, after researching the issue, that there was no definite time limit within which the case had to be refiled. The State maintained that no cases were found where a delay in refiling of less than a year had ever resulted in a denial of reinstatement. Thus, considering the caseloads, time constraints on other cases and other pressures under which counsel were operating in 1993, the State decided to impose a reasonable time standard upon itself in making a decision as to when the case should be reinstated and that a reasonable time should be between one year, preferably after the conclusion of other matters. In sum, the State argues on appeal that it was simply exercising justifiable case management prerogatives.

Defendants, on the other hand, argue that the State's reasons were not justifiable. Defendants further argue that deposition testimony of plaintiffs' counsel indicates that the assistant State's Attorneys assigned to this case had the time to attend to this litigation, but chose to work on other cases instead.

In denying the State's motion the trial court stated in pertinent part:

"I have come to the conclusion that the articulation by the State's

Attorney is insufficient to reinstate this matter. What has happened here both in the papers that have been filed and in the argument that I have heard that the State's Attorney's Office was involved with other matters of substance which [sic] unquestionably may have an obligation to consider, but as a consequence of the involvement in other matters; and therefore, seeing that reinstating this matter in a timely fashion would have involved the State's Attorney's Office in complications stemming from the reinstatement, the State's Attorney's office made the informed decision to withhold reinstating this case in what I consider to be a timely fashion because of the problems that would have been generated from a discovery standpoint if in fact the matter had been timely reinstated. *** [I]n my opinion, that is not a sufficient reason or a sufficient explanation for the conduct of the State's Attorney's Office ***. I unequivocally adopt in toto the reasoning expressed by Judge Curry's opinion in this matter. *** I think Judge Curry has expressed it far, far superior to what my ability would be; and for that reason, I adopt the language which he expressed in his opinion.

I believe that I have not heard a sufficient reason, explanation, for the purpose of reinstating this matter. The State's Attorney's Office could have very easily filed the motion and then come before the court and asked for a delay. It could have explained to the Court at that time what other pending and competing matters existed and could have asked for a delay in discovery. That wasn't done.

In my opinion, this is not the way litigation is to be handled. I should not be confronted at this time with a case that was filed in 1988 irrespective of the fact that this matter did in fact involve Appellate considerations. ***

I was impugned [sic] here with the obligation to consider the articulated reasons of the State's Attorney for its delay. In my opinion those reasons are unacceptable. They do not have substance; they are not a reasonable explanation of the conduct of the State's Attorney's Office of the size of the one that we're dealing with at the time of this matter."

We cannot say that the trial court erred in denying the State's motion to reinstate.

■ The State argues that its self-imposed time limit of one year seemed reasonable at the time based upon the then-existing case law. The State argues that a one-year delay was mentioned with approval in *National Underground*, 273 Ill. App. 3d 830, 652 N.E.2d 1108. This assertion is incorrect. In *National*, the plaintiff filed its motion to reinstate the case almost two years after the appellate court's mandate reversing summary judgment in favor of the defendant. The appellate

court did not interpret Rule 369(c) as imposing a one-year time limit. Rather, the appellate court merely noted, in *dicta*, that, under section 88 of the former Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 88), the party in an appeal had one year from the date of a decision of the appellate court to file the mandate in the circuit court. *National*, 273 Ill. App. 3d at 836. The current law, however, provides that when a case is remanded to the trial court and this court's mandate issues, a prevailing party must reinstate the cause pursuant to Rule 369(c) within a reasonable time. *National*, 273 Ill. App. 3d at 836.

Here, looking at the totality of the circumstances and the facts, the State's proffered reasons for the delay are unacceptable despite the fact that the State moved to reinstate the case before the expiration of one year. As we stated in *National*, there is "no reason why under Rule 369(c) *** a party should have unlimited time to assert its rights simply because Rule 369(c) does not contain an express time limitation." *National*, 273 Ill. App. 3d at 835. Furthermore, to interpret Rule 369(c) as providing parties an ever-open window to reinstate a case would thwart the purpose of practice rules, which were initially adopted to facilitate the orderly and expeditious disposition of litigation. *National*, 273 Ill. App. 3d at 836. Accordingly, we cannot say that the trial court erred in denying the State's motion to reinstate the case.

Furthermore, we reject the State's argument that the trial court abused its discretion in applying the wrong standard in reviewing the State's arguments and by adopting Judge Curry's reasoning *in toto*. Our review of the record indicates that the trial court reviewed the written and oral arguments of the parties, including Goodwill's assertion that it would be prejudiced by reinstatement of the case. The trial court then conducted its own independent review of the State's proffered reasons for the delay and specifically stated that it was following the instructions given by this court. In our view, the trial court denied the State's motion after thoroughly considering the facts before it, *in addition to* considering Judge Curry's reasoning.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

McNULTY, P.J., and RAKOWSKI, J., concur.