ROBERT A. RYAN, Plaintiff-Appellee, v. ANDREW J. KONTRICK, Defendant-Appellant.

First District (5th Division)    No. 1—01—2528

Opinion filed November 8, 2002.

Winston & Strawn, of Chicago (Kimball R. Anderson and E. King Poor, of counsel), for appellant.

Abramson & Fox, of Chicago (Donald P. Colleton, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

Defendant Andrew J. Kontrick appeals the order of the trial court granting plaintiff Robert A. Ryan's motion to reinstate in connection to this court's opinion in *Ryan v. Kontrick*, 304 Ill. App. 3d 852 (1999) (*Ryan I*). Ryan's motion was filed 290 days after a stay was lifted in a bankruptcy proceeding initiated by Kontrick. On appeal, Kontrick contends that the trial court erred in granting plaintiff's motion to reinstate because Ryan failed to exercise due diligence in filing the motion, as required by Supreme Court Rule 369(c). 134 Ill. 2d R. 369(c).

## BACKGROUND

In *Ryan I*, Kontrick appealed the trial court's confirmation of a December 1996 arbitration award of $519,324.42 against him in favor of Ryan, which had resulted from a contract dispute between the two men, both of whom are medical doctors. This amount consisted of compensatory and punitive damages and attorney fees and costs. The trial court also awarded prejudgement interest on that sum. In our March 26, 1999, opinion in *Ryan I*, we affirmed the arbitrator's awards of compensatory damages and attorney fees, but vacated the punitive damages award. The case was remanded for entry of an order requiring Kontrick to pay interest at the required statutory rate. This court's mandate in *Ryan I* was issued on November 17, 1999.

In April 1997, during the pendency of the appeal in *Ryan I*, Kontrick filed with the bankruptcy court a petition for relief under chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 701 *et seq.* (1994)). In response, Ryan filed a complaint seeking to deny Kontrick a

discharge of the amount owed on the arbitration award. As a result of Kontrick's bankruptcy proceeding, an automatic stay was imposed prohibiting any further proceedings against Kontrick. In addition to the *Ryan I* appeal, this stay affected two other suits, one in Lake County and one in Cook County, that Ryan had pending against Kontrick. The stay was later modified to allow Kontrick to proceed with his appeal in *Ryan I*.

On June 13, 2000, the bankruptcy court entered its order denying Kontrick a discharge, which was the subject of a motion to amend. On July 10, 2000, the bankruptcy court entered its amended order, which also denied Kontrick a discharge. Kontrick then appealed the bankruptcy court's order denying discharge, and the Court of Appeals for the Seventh Circuit affirmed the bankruptcy court's order while the instant case was under advisement. *In re Kontrick*, 295 F.3d 724 (7th Cir. 2002).

On February 7, 2001, Ryan, through his attorney, filed a wage garnishment and citation to discover assets to enforce the December 1996 arbitration award, which had been reversed in part in *Ryan I*. Kontrick moved to quash on the ground that the trial court lacked jurisdiction to enforce the reversed judgment and that Ryan had failed to reinstate the case as required by Supreme Court Rule 369(c). The trial court granted Kontrick's motion to quash, and Ryan's attorney, who had filed the garnishment and citation, was sanctioned.

On March 30, 2001, Ryan filed his motion to reinstate under Supreme Court Rule 369(c). In the memorandum in support of his motion, Ryan argued that he did not have a duty to reinstate because Kontrick was the prevailing party for purposes of Rule 369(c). In the alternative, Ryan noted that since June 13, 2000, the date the automatic stay was dissolved, he and Kontrick had been involved in other proceedings relating to Ryan's collection of the arbitration award. Based upon Kontrick's acquiescence to repeated deferrals in a case involving the allegedly fraudulent transfer of funds from Kontrick to his wife, Ryan argued that Kontrick had acquiesced to the delay in filing for reinstatement. Ryan also argued that the parties had been "actively preoccupied" with proceedings relating to sanctions brought against Ryan and his attorney in bankruptcy court.

Ryan further argued that to grant reinstatement would undermine neither the orderly disposition of the case nor the policy considerations behind Rule 369(c) and asserted that he had delayed seeking reinstatement because if Kontrick were to win his appeal of the bankruptcy court's denial of discharge, Ryan would be required to return the funds he had collected. Ryan asserted that he would be "inequitably and grievously harmed" and that Kontrick would receive an undeserved windfall if reinstatement were denied.

At the hearing on Ryan's motion to reinstate, the trial court had a discussion with Kontrick's attorney, who explained that the automatic stay was lifted by operation of law on June 13, 2000, the date the bankruptcy court originally denied Kontrick a discharge. Kontrick's attorney further explained that the denial of discharge did not become final until 10 days after the bankruptcy court entered its July 10, 2000, amended order. Based upon counsel's statements, the trial court concluded that Ryan could have sought reinstatement as early as July 21, 2000. After hearing arguments, the trial court granted Ryan's motion to reinstate, noting that the litigation between Ryan and Kontrick, which included both the state court proceedings involving the arbitration award and the federal bankruptcy proceedings, had been "vigorously fought." Reinstatement aside, the trial court questioned whether collection of the arbitration award could occur prior to a conclusion of the appeal relating to Kontrick's discharge proceedings. The trial court distinguished the cases involving Rule 369(c) from the instant case by stating that only the "ministerial task of computation" was necessary in the instant case, which was different from other cases, where there was "a lot to be done" after remand. After the parties filed competing memoranda regarding the manner in which postjudgment interest should be calculated, the trial court entered its amended judgment in favor of Ryan for $422,414.53. This appeal followed.

## ANALYSIS

Kontrick contends that the trial court erred in granting Ryan's motion to reinstate. He argues that as the prevailing party in *Ryan I*, Ryan has failed to establish due diligence under Supreme Court Rule 369(c) where he filed his motion to reinstate 290 days after June 13, 2000, the date the automatic stay in the bankruptcy proceedings was lifted.

■ Supreme Court Rule 369(c) provides that, "When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." 134 Ill. 2d R. 369(c).

When determining whether a party has reinstated a case within a reasonable period of time, it is proper for a court to consider the totality of the circumstances, particularly any reasons offered for an undue delay. *People v. NL Industries, Inc.*, 297 Ill. App. 3d 297, 300-01 (1998). The reasonableness requirement is considered in terms of whether a petitioner has exercised due diligence in filing the petition. *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 837 (1995). When considering cases under Rule 369(c), this court may

consider cases brought under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)), addressing the issue of due diligence. See *National Underground*, 273 Ill. App. 3d at 836-37. Thus, due diligence in filing a reinstatement petition requires the petitioner to have a "reasonable excuse" for failing to timely file the petition. See *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 222 (1986). Finally, absent an abuse of discretion, the trial court's ruling upon a motion for reinstatement will stand. *People v. NL Industries, Inc.*, 297 Ill. App. 3d at 301.

Kontrick argues that each of Ryan's proffered reasons for failing to file for reinstatement establishes a lack of due diligence on Ryan's part. As for Ryan's claim that he was under no obligation to reinstate the case, Kontrick cites *Renth v. Krausz*, 219 Ill. App. 3d 120, 121 (1991), which stated in reference to application of the equitable doctrine of *laches*, that "ignorance of the law or legal rights will not excuse delay in bringing suit." Kontrick further argues that Ryan's explanation that he did not seek reinstatement because he was waiting to see the results of the bankruptcy appeal in order to avoid having to return any money in the event Kontrick was successful is without merit. He asserts that this justification is illogical because reinstatement is a matter wholly separate from the bankruptcy proceeding. Kontrick also asserts that this justification is contradicted by Ryan's own conduct because during the pendency of Kontrick's bankruptcy proceeding, Ryan initiated garnishment proceedings.

Kontrick further asserts that Ryan's justification for failing to reinstate is without merit because the diligence requirement is not relaxed by a litigant's desire to wait and see how events unfold elsewhere. In support, Kontrick relies upon *Smith v. Airoom*, where our supreme court stated:

" 'Relief under section [2—1401] is available only to those who diligently pursue their legal defenses and remedies in court, not to those who disregard these procedures on the gamble that better results can be obtained through other procedures or at a cheaper cost.' " *Smith v. Airoom*, 114 Ill. 2d at 224, quoting *Abbell v. Munfield*, 76 Ill. App. 3d 384, 388 (1979).

Kontrick next argues that Ryan's justification that he did not reinstate because he was busy defending himself against sanctions relating to Kontrick's bankruptcy proceeding is equally without merit. In support, he relies upon *People v. NL Industries*, where this court affirmed the trial court's denial of the State's motion to reinstate where it had waited nine months to reinstate a case it had won involving nearly $2.3 million in environmental cleanup costs. In so ruling, this court rejected the State's justification that its delay in reinstating the

case was the result of "serious time constraints under which [the State's] counsel labored at the time, the need to set priorities and the desire not to begin the active litigation of the case until counsel assigned to it had sufficient time to do a diligent job." *People v. NL Industries*, 297 Ill. App. 3d at 301.

As for Ryan's argument relating to the prejudice, or lack thereof, suffered by the parties as a result of reinstatement, Kontrick argues that prejudice must be considered only after Ryan has established due diligence. In support of his position, Kontrick cites *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830 (1995), where the plaintiff had waited 23 months to file a motion to reinstate after the mandate had issued in a case where this court had reversed the trial court's granting of summary judgment in favor of the defendant. The plaintiff offered no reason for the delay and the trial court denied the motion. In affirming the trial court and finding a lack of diligence, this court in *National Underground* stated that, "The grounds available to a trial court for dismissing for lack of due diligence include the mere failure to offer a reasonable excuse for undue delay in filing the petition." *National Underground*, 273 Ill. App. 3d at 837.

Kontrick also cites *Bright v. Dicke*, 166 Ill. 2d 204, 209 (1995), which held in the context of a party's late filing of a request for admission of facts or the genuineness of documents under Supreme Court Rule 216(c), that "[a]lthough Rule 183 does give judges discretion to allow responses to be served beyond the 28-day time limit, that discretion does not come into play under the rule unless the responding party can first show good cause for the extension." Similarly, argues Kontrick, just as a lack of prejudice is not a substitute for good cause, it is also no substitute for due diligence.

In response, Ryan admits that he and his attorneys "did not take the technical action of moving to reinstate" the case, but argues that he satisfied the requirements of Rule 369(c). He states that he had not been informed of the requirements for reinstatement and notes that within three months of July 20, 2000, he and his attorney performed work on the case, which eventually led to the filing of garnishment and citation papers in February 2001. Given these facts, Ryan argues that contrary to Kontrick's assertion, he did not "impermissibly sit on his confirmation rights following the lifting of the automatic stay." See *In re Marriage of Frazier*, 203 Ill. App. 3d 847, 853 (1990) (when ruling on a section 2—1401 motion, courts may consider the litigant's attention to a related case when assessing due diligence).

Ryan further argues that the trial court properly relied upon the fact that he did not seek reinstatement because of the pendency of

Kontrick's discharge appeal, which could result in Ryan's repayment of funds he collected. He argues that the lack of finality of the denial of Kontrick's discharge, which was just decided, cannot be classified as a "gamble" for better results. Rather, he argues that he has continually pressed his rights, attempting to collect the funds he is owed.

Ryan also argues that the trial court properly granted his motion to reinstate because Kontrick contributed to the delay in filing the motion. Relying upon the "inter-relatedness" of the bankruptcy proceedings, the fraudulent transfer action and the case at bar, Ryan asserts that Kontrick repeatedly arranged for deferrals of the state fraudulent transfer action before and for nearly 16 months after the automatic stay was lifted in order to avoid potentially duplicative and unnecessary use of judicial resources and to minimize his litigation expenses. Ryan also states that by actively engaging him in the other related proceedings, Kontrick tacitly acknowledged Ryan's right to proceed with reinstatement. Ryan likens his situation to that of the defendants in *O'Brien v. Meyer*, 281 Ill. App. 3d 832 (1996), where a new trial was allowed over three years after reversal of a verdict for the defendants even though a motion to reinstate had not been timely. In reversing the trial court's denial of the motion, this court noted that "the defendants were willing participants in any delay" and that "all the parties proceeded as though the case had been reinstated." *O'Brien*, 281 Ill. App. 3d at 839.

Ryan disputes Kontrick's position that prejudice to the parties is relevant only after diligence has been demonstrated. He directs our attention to *Smith v. Airoom*, where the supreme court stated that "where justice and good conscience may require it a default judgment may be vacated even though the requirement of due diligence has not been satisfied." *Smith v. Airoom*, 114 Ill. 2d at 225. Ryan advances that Kontrick's reliance on *Bright* is misplaced because there the party sought relief under Supreme Court Rule 183 (134 Ill. 2d R. 183), which allowed for extensions of time "for good cause shown" for the late filing of responses under Rule 216 (134 Ill. 2d R. 216). The party who had filed the late responses offered no explanation as to why they were late and argued only that, because the opposing party was not prejudiced by the late responses, the trial court should have allowed them. *Bright*, 166 Ill. 2d at 205-06. Ryan asserts that he does not make a similar argument here. Rather, he claims that he has offered numerous reasons to satisfy the requirements of Rule 369(c) and that prejudice to the parties is another factor to be considered. See *People v. NL Industries, Inc.*, 284 Ill. App. 3d 1025, 1028 (1996) ("The prejudice to a party [under Supreme Court Rule 369(c)] is certainly part of the totality of the circumstances and should be considered by the trial court").

Ryan's final argument in support of affirming the trial court is that denying reinstatement will improperly elevate form over substance. He again directs this court to *O'Brien*, where this court stated that "[t]he fact that the plaintiff did not go through the technical procedure of having the case reinstated pursuant to Rule 369(c) is not controlling. To hold otherwise under these facts would be a rigid and unreasonable adherence to formalism to the detriment of fairness." *O'Brien*, 281 Ill. App. 3d at 839. In sum, Ryan argues that under the circumstances of this case, where he actively sought collection of the arbitration award, a battle he fought on many fronts, and where Kontrick was a willing participant in the delay in filing the motion to reinstate, Ryan was timely in filing his motion.

■ While we do not condone Ryan's failure to file his motion to reinstate in compliance with Rule 369(c), after reviewing the totality of the circumstances, we find that Ryan exercised due diligence in filing his petition to reinstate. In doing so, we take into consideration the other litigation between Kontrick and Ryan. Ryan has fought the battle to collect his 1996 arbitration award against Kontrick on many fronts, including in the federal bankruptcy court and in various suits filed in state court. Kontrick's efforts to discharge this award in bankruptcy were rejected. In one of the state suits, Ryan has alleged that Kontrick had improperly transferred property to his wife in an effort to avoid paying this award. When Ryan's counsel prematurely filed an action to collect this judgment, Kontrick sought, and received, sanctions against Ryan's counsel. It is clear that all of this litigation is interconnected in that the ultimate goal on Ryan's part is collection of the arbitration award. For this reason alone, we find that Ryan has proffered a reasonable excuse as to his failure to file his motion within the required time frame.

We also find Kontrick's cited cases regarding due diligence distinguishable from this case. For instance, unlike in *People v. NL Industries*, this is not a situation where Ryan did nothing relating to collection of the arbitration award until such time as he believed he was ready to proceed. Nor do we have here a situation, as in *National Underground*, where Ryan has failed to offer a reasonable explanation for failing to file his motion to reinstate. Rather, as previously stated, Ryan has attempted to ensure his collection of the 1996 arbitration award based upon his involvement in the litigation with Kontrick over many years.

We also reject Kontrick's argument that reinstatement was improper because Ryan was gambling for a better result through his participation in the bankruptcy proceedings. Clearly, this is not a situation where Ryan has failed to pursue remedies and defenses in court and has, instead, opted to "gamble" for a better result.

Finally, as we have found that Ryan has offered a reasonable excuse for failing to file a timely motion to reinstate, we consider the issue of prejudice. Kontrick does not argue, nor do we find, that he was prejudiced as a result of the reinstatement. Therefore, we find no need to comment further on the issue of prejudice. The trial court did not abuse its discretion in granting Ryan's motion to reinstate.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN and REID, JJ., concur.