**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220087-U

Order filed May 18, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| JOSEPH L. BLEWITT and ELLEN P. BLEWITT, | ) ) ) | Appeal from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | Appeal No. 3-22-0087 Circuit No. 15-CH-1884 |
| LEONARD URBAN; CECILIA URBAN; MITCHELL & ALLEN, individually and as agent and independent contractor of Leonard Urban and Cecilia Urban, and as co-counsel of Bruggeman, Hurst & Associates; JACK HERTZ, individually and as partner of the law office of Mitchell & Allen; ALAN R. BRUGGEMAN, individually and as partner of the law office of Bruggeman, Hurst & Associates; DAVID C. HURST, individually and as partner of the law office of Bruggeman, Hurst & Associates; BRUGGEMAN, HURST & ASSOCIATES, individually and as agent and independent contractor of Leonard Urban and Cecilia Urban and as co-counsel of Mitchell & Allen, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Theodore J. Jarz, Judge, Presiding. |
| Defendants-Appellees. | ) | |

JUSTICE ALBRECHT delivered the judgment of the court.

Justices Peterson and Davenport concurred in the judgment.

---

**ORDER**

¶ 1      *Held*:   The circuit court did not abuse its discretion when it denied plaintiffs' fourth amended complaint as a means for reinstatement 18 months after the appellate court issued its mandate remanding the case to the circuit court.

¶ 2      Plaintiffs, Joseph L. Blewitt and Ellen P. Blewitt, appeal the circuit court's order upholding its dismissal of their fourth amended complaint and its refusal to reinstate this cause pursuant to Illinois Supreme Court Rule 369(c). Ill. Sup. Ct. R. 369(c) (eff. July 1, 1982). The Blewitts' fourth amended complaint was filed 18 months after our mandate issued. That mandate affirmed, in part, the circuit court's grant of summary judgment on Joseph's quiet title petition in his favor. We remanded the remaining cause with specific direction to conduct a hearing on Joseph's motions for Rule 137(a) sanctions. Ill. S. Ct. R. 137(a) (eff. Jan 1, 2018); see *Blewitt v. Urban* (*Blewitt I*), 2020 IL App (3d) 180722, ¶¶ 47, 51, 54-56. We cannot say that the circuit court abused its discretion when finding Joseph's 18-month delay in reinstatement unreasonable and we therefore affirm.

¶ 3      **I. BACKGROUND**

¶ 4      Because we previously spelled out a clear chronology of the parties' prolonged litigation in our prior opinion, see *Blewitt I*, we recite the procedural history only to the extent necessary to resolve this appeal.

¶ 5      In 1996, Joseph represented defendants Leonard and Cecilia Urban in a personal injury lawsuit filed in Cook County, Illinois. After the lawsuit was dismissed for want of prosecution, and refiled by Joseph, the Urbans discharged him as their attorney and retained the law office of Mitchell & Allen to pursue their personal injury claim.

¶ 6      The Urbans, with the law office of Mitchell & Allen as their counsel, filed suit in Cook County against Joseph for his rendered legal services. On August 6, 2003, the Cook County circuit court entered default judgment against Joseph in favor of Leonard, but not Cecilia, in the amount of $238,007.61.

¶ 7      The Urbans recorded two memoranda of judgment seeking to place a lien against Joseph's Will County real estate. Both memoranda failed to adhere to the strict compliance requirement necessary to create a valid judgment lien pursuant to section 12-101 of the Code of Civil Procedure (735 ILCS 5/12-101 (West 2016)). The first memorandum, recorded on September 16, 2004, in the office of the Will County Recorder of Deeds, erroneously provided that the Cook County default judgment was entered in favor of Leonard and Cecilia. The First District Appellate Court clarified that the August 6, 2003, default was entered in favor of Leonard, but not Cecilia, while affirming the circuit court's denial of Joseph's motion to vacate the default judgment in *Urban v. Blewitt*, 356 Ill. App. 3d 1133 (2005) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8      The Urbans recorded a second memorandum of judgment in Will County on February 28, 2006. This memorandum correctly identified that the default judgment order was entered in favor of Leonard only; however, the Urbans incorrectly listed the amount awarded.

¶ 9      On September 3, 2015, Joseph filed a petition to quiet title in the Will County proceeding. Joseph amended his petition three times before filing a motion for summary judgment on October 26, 2017, asserting the Urbans' memoranda of judgment against his property failed to strictly comply with the requirements of section 12-101. 735 ILCS 5/12-101 (West 2016). The circuit court granted Joseph's motion for summary judgment in a written order on January 26, 2018, and denied the Urbans' motion to reconsider on April 17, 2018.

¶ 10    Thereafter, Joseph filed a motion for sanctions against the Urbans and their attorney pursuant to Illinois Supreme Court Rule 137 based on what he characterized as the defendants' untrue statements and dilatory, harassing, and fraudulent behavior in the Will County matter. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). Prior to the hearing, the circuit court *sua sponte* denied Joseph's motion for sanctions twice. The court also denied Joseph's motion to reconsider, finding that "no sanctionable conduct occurred."

¶ 11    Both parties timely appealed. Joseph appealed, arguing that the circuit court erred in its *sua sponte* denials of his Rule 137 motion for sanctions and the denial of his motion to reconsider. The Urbans cross-appealed, arguing that the circuit court's grant of summary judgment in Joseph's favor and the denial of their motion to reconsider was in error.

¶ 12                                      A. Prior Appeal

¶ 13    On February 13, 2020, this court ruled that the Urbans' memoranda of judgment were defective because neither satisfied the strict compliance standard required under section 12-101.[1] *Blewitt I*, 2020 IL App (3d) 180722, ¶¶ 44-45; 735 ILCS 5/12-101 (West 2016). Based on these deficiencies, this court upheld Joseph's grant of summary judgment on his petition to quiet title. *Blewitt I*, 2020 IL App (3d) 180722, ¶ 47. Separately, it found that the record on appeal was insufficient to determine whether the circuit court's *sua sponte* denials of Joseph's motion for sanctions were appropriate and remanded so the parties could participate in the originally scheduled sanction hearing. *Id.* ¶ 51. Pursuant to its authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), the court ordered this matter to be assigned to a new judge on remand based on the acrimonious tone of the parties and to further the interests of judicial

---

[1] The September 16, 2004, memorandum of judgment identified the incorrect order that entered final default judgment in favor of Cecilia and Leonard. The February 28, 2006, memorandum of judgment incorrectly identified the amount of default judgment as $238,007.01.

4

economy. *Id.* ¶ 52. The appellate mandate issued on March 23, 2020, with the directions on remand consistent with this court's opinion.

¶ 14                                           B. Fourth Amended Complaint

¶ 15            After 18 months of inactivity, Joseph moved for leave to file a fourth amended complaint on September 22, 2021. This new pleading sought to add his spouse Ellen as a plaintiff in a slander of title action against the Urbans, with newly named defendants Alan R. Bruggeman; David C. Hurst; the law office of Bruggeman, Hurst & Associates; Jack Hertz; and the law office of Mitchell & Allen.

¶ 16            On September 27, 2021, the circuit court struck Joseph's motion after he failed to appear but entered an order transferring the matter to the presiding judge for reassignment pursuant to the appellate mandate. After Joseph re-noticed his motion, the newly appointed circuit court judge granted him leave, and he filed his fourth amended complaint on October 25, 2021. On November 4, 2021, the Urbans, Bruggeman, Hurst, and the law office of Bruggeman, Hurst & Associates moved to dismiss the complaint pursuant to 735 ILCS 5/2-619 (West 2020), arguing in part that Joseph failed to file a motion to reinstate the matter, that the delay in reinstatement was unreasonable, and that the fourth amended complaint exceeded the scope of the appellate mandate.

¶ 17            The court entered a briefing schedule on defendants' motion on November 12, 2021, and the remaining defendants joined in the motion to dismiss on November 16, 2021. During the December 17, 2021, hearing, the circuit court recognized that it prematurely granted Joseph leave to file his fourth amended complaint before it properly evaluated whether the appellate mandate vested the court with jurisdiction and whether Joseph satisfied the "first hurdle" of timely seeking reinstatement, clarifying:

"[I]n terms of the earlier order that I entered granting leave to file the fourth amended complaint, I believe that was an error on my part and the complaint should not have been filed as part of this proceeding, and the matter should proceed with the issues concerning the sanctions that we were to address in accordance with the remand from the Third District."

¶ 18     After the hearing, the court entered an order vacating its October 25, 2021, order and dismissed the Blewitts' fourth amended complaint. The court afforded Joseph the opportunity to explain his prolonged delay in reinstating this cause in a supplemental pleading.

¶ 19     Joseph filed a supplemental response with an accompanying affidavit on December 29, 2021, that offered justifications for his delay. First, Joseph asserted that the motion for leave to file was equivalent to and a proper substitute for a motion to reinstate as required by Rule 369(c). Ill. Sup. Ct. R. 369 (eff. July 1, 1982). Joseph raised several reasons in his supplemental pleading that he argued contributed to the delay in reinstatement, including six factors which the circuit court later characterized as (1) the COVID-19 pandemic interfered with court access, (2) a mistaken belief concerning the steps required after a mandate is issued, (3) concurrent, ongoing litigation with defendants, (4) concern over an alleged violation of professional conduct rules between his opposing counsel and their client that could lead to malpractice claims, (5)  the belief that the only time constraint to reinstatement was the statute of limitations, and (6) a family tragedy concerning the death of his son.

¶ 20     The record reflects that Joseph refiled his fourth amended complaint without leave of court on January 26, 2022. The following day, defendants moved to dismiss.

¶ 21     The circuit court held a hearing on February 4, 2022, to address defendants' motion to dismiss the Blewitts' supplemental pleadings for failure to comply with Rule 369(c) and

6

defendants' motion to dismiss the Blewitts' second-filed, fourth amended complaint. The court explained that the fourth amended complaint asserting the new count of slander of title was beyond the scope of remand and dismissed the complaint with prejudice. The court next broached the issue of defendants' claim that Joseph was untimely in complying with Illinois Supreme Court Rule 369(c) to reinstate his remanded cause. The court considered several of Joseph's reasons and indicated each were insufficient to justify his delay. While the court showed sympathy regarding the death of Joseph's son, it noted that this tragedy came "several months after the mandate had been filed." The court was also not convinced that Joseph's professional obligations as a solo practitioner relieved his obligation to reinstate in a timely manner. The court ultimately took the matter under advisement.

¶ 22     On March 1, 2022, the court entered a written memorandum order finding, based on the totality of circumstances, Joseph failed to meet his burden of showing a reasonable delay for reinstatement and his claims for sanctions were dismissed for want of prosecution. The court also reiterated that the Blewitts' fourth amended complaint was beyond the scope of this court's appellate mandate.

¶ 23     The circuit court was unpersuaded by Joseph's proffered reasons for delay. Initially, the court noted that the appellate mandate came down in March 2020, and Joseph did not make a colorable attempt at reinstatement until September 2021.[2] The timing of the mandate coinciding with the pandemic had little effect on Joseph's ability to reinstate the cause. In-person proceedings were temporarily halted, but at all times the courthouse remained operational, albeit remotely. Next, the court noted the companion litigation with defendants should have served as a

---

[2] The court's order incorrectly suggests that Illinois Supreme Court Rule 369(c) instructs the prevailing party to act toward reinstatement within 10 days after a filed mandate. We note that this provision only concerns the length of time the prevailing party must give notice to an adverse party before reinstatement. See Ill. Sup. Ct. R. 369(c) (eff. July 1, 1982).

reminder to reinstate this matter.[3] The circuit court also noted that Joseph's contention that further delay was caused by a possible conflict of interest between the Urbans and their attorneys was already recognized and disregarded in the proposed fourth amended complaint. In sum, the circuit court did not find that the totality of circumstances showed the 18-month lapse in reinstating this cause was due to reasonable delay.

¶ 24　　　　The Blewitts timely appealed.

¶ 25　　　　　　　　　　　　　　　II. ANALYSIS

¶ 26　　　　The Blewitts' arguments on appeal may be broadly divided into two categories. First, they argue that the circuit court was incorrect in claiming the appellate mandate confined the remand to Joseph's motion for sanctions. They assert that because their action for slander of title is distinct from Joseph's action resolving quiet title, it is an issue that was not considered on appeal, conforms with the mandate, and may be considered in subsequent proceedings. Second, the Blewitts challenge the circuit court's ruling denying reinstatement based on Joseph's undue delay, arguing the court misconstrued Joseph's proffered reasons with the conflict of interest in this case, the death of his son, the concurrent litigation in which the parties were involved, and the impact of the COVID-19 pandemic on reinstatement. We find the Blewitts' second argument unavailing and dispositive in the outcome of this appeal.

¶ 27　　　　As one of Joseph's proffered reasons for the delay in reinstatement was a misconception of the Illinois Supreme Court Rules, we find it necessary to briefly recount the history of a prevailing party's obligation for case reinstatement upon remand.

---

[3] The court's order misidentifies Cook County as the venue of the parties' concurrent litigation. During the relevant period of delay, the parties' concurrent litigation was on appeal from Will County.

8

¶ 28    The predecessor to Rule 369, section 88 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 88), placed an obligation on the prevailing party to file the reviewing court's mandate within one year of the judgment or otherwise forfeit the right to pursue the relief granted by the reviewing court. *People v. Eidel*, 319 Ill. App. 3d 496, 506 (2001); *Miller v. Bloomberg*, 126 Ill. App. 3d 332, 338 (1984). The prevailing party then had a separate obligation to redocket the case after filing the mandate. *Miller*, 126 Ill. App. 3d at 337; *Rosewood Corp. v. Fisher*, 20 Ill. App. 3d 422, 426-27 (1974).

¶ 29    The adoption of Rule 369 reconfigured what a prevailing party must do to reinstate the cause at the trial level subsequent to a reviewing court's remand. Now, the rule provides that the clerk of the circuit court will file the appellate mandate promptly upon receipt. Ill. Sup. Ct. R. 369(a) (eff. July 1, 1982). The responsibility to reinstate the cause following remand, however, remains with the prevailing party. *Id.* § (c); see also *People v. NL Indus., Inc.*, 297 Ill. App. 3d 297, 300 (1998). To be clear, Rule 369(c) does not expressly impose the responsibility of reinstatement to the prevailing party, but merely states that "[w]hen the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. Sup. Ct. R. 369(c) (eff. July 1, 1982). It is not disputed that under Rule 369(c), the prevailing party carries the affirmative burden of pursuing its rights by reinstituting proceedings in the circuit court. *Miller*, 126 Ill. App. 3d at 338. The notion that the prevailing party does not have an unlimited amount of time to exercise this burden is similarly unquestioned. *National Underground Const. Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 836 (1995) ("We believe that the existence of a duty to [reinstate] implies the existence of a time limitation within which to [reinstate].").

¶ 30 The prevailing party must reinstate the cause within a "reasonable time" following remand to the circuit court. *NL Indus., Inc.*, 297 Ill. App. 3d at 300. There is no accepted timeframe which constitutes a reasonable time to reinstate. See *id.* at 302-03 (refusing to adopt the definition of a "reasonable time" as the one-year time limit borrowed from Rule 369's predecessor in affirming the circuit court's denial of motion to reinstate following a party's nine-month delay). Rather, upon a delay in reinstatement, the circuit court "should take into account the totality of the circumstances, particularly any reason proffered for undue delay" to determine whether a party reinstated the cause within a reasonable time. *Id.* at 300-01. We review the circuit court's ruling on a motion to reinstate under the abuse of discretion standard. *National Underground Const. Co.*, 273 Ill. App. 3d at 836. An abuse of discretion occurs only when the circuit court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the circuit court. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 31 On appeal, the Blewitts provide four reasons for Joseph's proffered delay in reinstatement that they argue both reasonably excused his delay and were misconstrued by the circuit court in its March 1, 2022, order: (1) the purported conflict of interest between the Urbans and their attorneys created by his motion for sanctions and petition to disqualify, (2) his family tragedy in December 2020, (3) the parties' concurrent Will County litigation, and (4) his perceived suspension in judicial action due to the COVID-19 pandemic.

¶ 32 The court's March 1, 2022, order observed that the 18-month delay in reinstating the cause was facially unreasonable. It determined that the delay would be unjustifiable unless Joseph could provide sufficient circumstances leading to the delay. It is evident from the record and the court's order that the delay, to a great extent, was caused by Joseph's own conceded ignorance to Rule 369(c) and what is required of a prevailing party to reinstate a cause on

10

remand. The circuit court considered the totality of circumstances, finding no proffered justification reasonably excused Joseph's lack of due diligence to reinstate this cause. See *National Underground Const. Co.*, 273 Ill. App. 3d at 837. We cannot say the court's decision was an abuse of discretion.

¶ 33    The Blewitts claim that the court's March 1, 2022, order incorrectly identified the pertinent conflict of interest between the Urbans and the Bruggeman firm based on Joseph's petition to disqualify. The Blewitts argue that by citing to a statement within their fourth amended pleading, the court referenced an unrelated prior conflict that concerned Leonard's unwillingness to sue Mitchell & Allen. Distinctly, Bruggeman's failure to withdraw from the case due to a purported conflict is a reasonable excuse for delay in reinstatement and a factor the circuit court did not contemplate in its totality of the circumstances calculation, according to the Blewitts.

¶ 34    We find the circuit court adequately contemplated purported conflicts of interest between the Urbans and their counsel as a proffered reason for delay in its totality of the circumstances analysis. The Blewitts fail to reconcile why an opposing party's conflict would absolve Joseph from his affirmative burden to timely reinstate the cause. Plainly, any purported conflict between the Urbans and their counsel cannot be categorized as an impediment to reinstatement. For the Blewitts to argue it was practical to sit idly for an "undetermined *** amount of time" waiting for Bruggeman to recuse himself is patently unreasonable and even more so when considering the purported conflict originated from Joseph's own motion for sanctions, fourth amended complaint, and motion to disqualify.

¶ 35    The Blewitts next direct this court's attention to the February 4, 2022, hearing on defendants' motion to dismiss, wherein the court recognized that Joseph's family tragedy

11

occurred several months after the mandate was issued. The Blewitts assert the court misapprehended the pertinent timeframe. We disagree. The court indicated that the nine-month lapse between the mandate and the family tragedy did not weigh in Joseph's favor to reinstate. The same length of delay between the issuance of our mandate until Joseph endured his family tragedy warranted refusing reinstatement in *People v. NL Indus., Inc.*, when the reinstating party failed to offer sufficient justification. 297 Ill. App. 3d at 303.

¶ 36        The Blewitts next argue the concurrent litigation with defendants was a distraction and cites *Ryan v. Kontrick*, 335 Ill. App. 3d 225 (2002), in support of their argument that other judicial proceedings between parties is a legitimate reason for delaying reinstatement. The court's March 1, 2022, order found that the parties' companion litigation may have been distracting but should have served as a reminder that this cause required Joseph's attention and was therefore not a reasonable explanation for the delay. We find *Ryan* distinguishable from the case before us. There, the court found that the non-prevailing party contributed to the delay in reinstatement and the prevailing party continued its efforts to collect the remanded arbitration award through concurrent litigation. *Id.* at 231-32. Conversely, the record here in no way suggests defendants bear any responsibility for delaying reinstatement. The concurrent litigation did not involve the remanded matter before this court, but rather a separate motion for sanctions against Bruggeman. *Id.* We further note that the concurrent litigation was resolved on appeal by this court less than three months after we issued our mandate. See *Urban v. Blewitt*, 2020 IL App (3d) 190367-U. We fail to see how this brief overlap in concurrent litigation between the parties could have meaningfully impacted Joseph's delay. Finally, we find that the concurrent litigation proceeding in Will County, not Cook County as the March 1, 2022, order incorrectly identified,

12

further underscores the circuit court's position that this litigation should have served as a reminder for Joseph to reinstate his remanded cause.

¶ 37     Next, the Blewitts indicate Joseph was under the incorrect impression that the court would reinstate his cause but-for a pandemic related delay. Whether this reason for delay concerns his access to the courts or his misunderstanding of his affirmative burden to reinstate is of little difference. Joseph's misunderstanding of Rule 369(c) is unreasonable. A delay in proceedings due to the pandemic has little to no bearing on a party's ability to initiate or reinstate a case. The Blewitts are also incorrect that the circuit court did not address this argument. As the circuit court's March 1, 2022, order accurately noted, Joseph's mistaken belief that the "Circuit Clerk's Office or Court would arrange for reinstatement" does not explain why Joseph did not address this delay, nor does it explain why "more than a year elapsed" from the beginning of the pandemic until he filed his motion.

¶ 38     Last, the Blewitts argue that the circuit court should have considered defendants' conduct giving rise to Joseph's motion for sanctions as an additional factor in the totality of the circumstances. While a circuit court can view the actions of the non-prevailing party and their contributions to any delay, the record indicates the circuit court correctly apportioned fault for any inaction during the relevant timeframe to Joseph. See *O'Brien v. Meyer*, 281 Ill. App. 3d 832, 839 (1996). Defendants' conduct in 2016 and 2017 does not logically correlate with Joseph's delay in reinstatement following the March 23, 2020, mandate.

¶ 39     The Blewitts also argue that the circuit court did not consider the issue of prejudice. According to the Blewitts, the defendants did not suffer prejudice from the delay in reinstatement. Contrary to the Blewitts' representations, a central issue addressed at the February 4, 2022, hearing was the prejudice defendants endured because of the delay. As the circuit court

13

noted, the "significant delay *** can be the basis for dismissal. The other issue *** is whether or not that delay results in prejudice to the opposing party." Bruggeman explained that the conduct giving rise to Joseph's motion for sanctions occurred five years prior. To conduct a hearing after such delay would be "significantly prejudicial" to defendants. The length of time between the incidents that gave rise to Joseph's motion for sanctions and his reinstatement are presumptively prejudicial. See *Golla v. Gen. Motors Corp.*, 167 Ill. 2d 353, 370 (1995) (explaining that delayed claims will prejudice defendants as more time elapses because witnesses' memories fade and evidence becomes unavailable).

¶ 40    The remaining reasons for delay proffered by the Blewitts on appeal merely appeared in the record, such as what the Blewitts have characterized as "settlement discussions" between the parties. These reasons were not sufficiently addressed by Joseph in the circuit court and are waived. See *Shell Oil Co. v. Dep't of Revenue*, 95 Ill. 2d 541, 550 (1983) ("It is axiomatic that questions not raised in the trial court are waived and may not be raised for the first time on appeal.").

¶ 41    We are also unpersuaded by the Blewitts' challenge to the circuit court's time considerations when refusing to reinstate the cause. The Blewitts argue that the February 4, 2022, hearing and March 1, 2022, order demonstrate a misunderstanding of Rule 369(c) through the court's indication of a relationship between the 10-day notice requirement and a court's reasonable time analysis. While we agree that there is no relationship between a circuit court's reasonable time analysis and the 10-day notice requirement in Rule 369(c), we also find that any conflation by the circuit court between the two is unaffecting. The Blewitts argue that by confusing the 10-day notice requirement for the preferred timeline of reinstatement, the circuit court improperly indicated that an 18-month delay is unreasonable "unless a party presents facts

14

to show that it's not." Yet, we agree that an 18-month delay in reinstatement is facially unreasonable. See *National Underground Const. Co.*, 273 Ill. App. 3d at 837 (indicating a 23-month delay in reinstatement was extraordinary).

¶ 42　　　　It is unnecessary to consider whether the Blewitts' slander of title action was within the scope of this court's mandate when the sole remanded cause is extinguished due to Joseph's unreasonable delay. We find that any examination into whether Rule 369 vested the circuit court with jurisdiction to evaluate the contents of the Blewitts' fourth amended pleading is also unnecessary.

¶ 43　　　　Permitting reinstatement in the face of unreasonable delay thwarts the purpose of practice rules, which were initially adopted to facilitate the orderly and expeditious disposition of litigation. *NL Indus., Inc.*, 297 Ill. App. 3d at 303. This matter has persisted for twenty years. Here, it is the delay, and not the substance of the instrument seeking reinstatement, which is dispositive. As such, in a roundabout and prolonged manner, Joseph's delay and the circuit court's denial of reinstatement achieves what our prior opinion and mandate set out to accomplish by "allow[ing] the final chapter in this litigation to come to an end." *Blewitt I*, 2020 IL App (3d) 180722, ¶ 52.

¶ 44　　　　　　　　　　　　　　　III. CONCLUSION

¶ 45　　　　The judgment of the circuit court of Will County is affirmed.

¶ 46　　　　Affirmed.

15